AMIR MOSTAFAVI, ESQ. (SBN: 282372)
**MOSTAFAVI LAW GROUP, APC**
15243 La Cruz Dr., #67
Pacific Palisades, California 90272
Telephone: (310) 849-2030
Facsimile: (310) 473-2222
amir@mostafavilaw.com

*Attorneys for Plaintiff Amir Mostafavi, Trustee of the NM Family Trust, Dated July 10, 2018*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMIR MOSTAFAVI, TRUSTEE OF THE NMFT FAMILY TRUST, Dated July 10, 2018; and SHLOMI ABITTAN, individually and dba Your Prime Contractor; and DOES 1-50,<br><br>Defendants. | CASE NO. 2:25-CV-07863 SPG (SKx)<br><br>*[Assigned to Judge Sherilyn Peace Garnett]*<br><br>**DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[filed concurrently with declaration of amir Mostafavi and [proposed] order]*<br><br>Date: [To be set by Court]<br>Time: [To be set by Court] |

i

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on [date], at [time], or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Judge Sherilyn Peace Garnett, located at First Street U.S. Courthouse, Los Angeles, Courtroom 5C, 5th Floor, Defendant Amir Mostafavi, Trustee of the NM Family Trust, Dated July 10, 2018 ("NMFT"), will and hereby does move this Court for an order dismissing this action without prejudice pursuant to the Colorado River abstention doctrine.

This motion is made on the grounds that this federal declaratory judgment action is parallel to a pending state court proceeding in the Superior Court of California, County of Los Angeles, Case No. 25SMCV03852 (the "State Action"), and exceptional circumstances warrant abstention in deference to the State Action. The State Action, filed on or about July 28, 2025 and amended on September 21, 2025, incorporates detailed factual allegations from an earlier underlying state action filed on November 16, 2023 (Case No. 23SMCV05401) and directly addresses the same coverage issues under the insurance policy at issue here, including claims for declaratory relief against Plaintiff State National Insurance Company ("SNIC"). Resolution of the State Action will substantially resolve the issues in this federal case, and considerations of wise judicial administration strongly favor abstention.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, declaration of Amir Mostafavi, and such further evidence and argument as may be presented at the hearing.

Dated: October 7, 2025              **MOSTAFAVI LAW GROUP, APC**

*Amir Mostafavi*

By:_____

AMIR MOSTAFAVI, Esq.

Attorney for Plaintiff, NM Family Trust

DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES

MEMORANDUM OF POINTS AND AUTHORITIES

I.     INTRODUCTION

This federal action, filed by SNIC on August 21, 2025, seeks declaratory relief that no coverage exists under Commercial General Liability Policy No. NXTYHC6TE9-01-GL (the "Policy") for claims arising from construction work performed by Defendant Shlomi Abittan ("Abittan") at NMFT's property located at 1407 Monte Grande Pl., Pacific Palisades, California 90272 (the "Property"). SNIC denies coverage based on alleged policy cancellation prior to work commencement, the insured entity's identity, and business risk exclusions.

However, a parallel state proceeding—the State Action (Superior Court of California, County of Los Angeles, Case No. 25SMCV03852)—was filed on or about July 28, 2025 , by NMFT and amended on September 10, 2025 against SNIC and Shlomi Abittan. The State Action incorporates allegations from an earlier underlying state action (Case No. 23SMCV05401, filed November 11, 2023) and asserts multiple claims against Abittan for unlicensed contracting, fraud, negligence, and related violations under California law, seeking damages exceeding $500,000, including lost rental income amplified by a January 7, 2025 Palisades fire that destroyed the Property. Critically, the State Action includes a Fourteenth Cause of Action against SNIC for declaratory relief on the exact coverage issues raised here, such as whether negligent construction acts constitute "occurrences" under the Policy, the applicability of exclusions, and SNIC's indemnification obligations if Abittan cannot satisfy a judgment.

Under the Colorado River abstention doctrine, this Court should dismiss this action in deference to the State Action. (See *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). The proceedings are substantially parallel, as resolution of the State Action will resolve the coverage dispute. Exceptional circumstances justify abstention, as weighed by the relevant factors, all supported by factual allegations in the State Action. This motion aligns with the doctrine's goal of wise judicial administration, avoiding duplicative litigation and respecting state court expertise in insurance and construction disputes under California law.

II.     STATEMENT OF FACTS

The State Action arises from Abittan's unlicensed contracting scheme, as detailed in its First Amended Complaint ("State FAC"). Abittan, operating as an unlicensed sole proprietor dba "Your Prime Contractor," fraudulently induced NMFT—a senior citizen entitled to enhanced

1

DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES

protections under Bus. & Prof. Code § 7150(b)—into a home improvement contract initially valued at $25,000, expanded via amendments to $102,300 for remodeling three bathrooms, interior painting, a waterproof balcony, door hardware, and garage epoxy at the Property. (State FAC, Ex. A [Underlying Complaint 23SMCV05401]). Abittan collected $44,500 in payments but abandoned the project on September 15, 2023, leaving defective work including plumbing leaks, electrical hazards, improper balcony sloping, and substandard materials, causing pre-fire damages estimated at $50,000+ in repairs. Extensive discovery in the underlying state action revealed Abittan's systematic unlicensed operations, including bank records showing $2,188,763.42 in deposits from 335 transactions into a personal Bank of America account (No. 325105660868) from July 1, 2023, to August 31, 2024, with specific large deposits such as $150,000 from Zuri Mesica and advances from Celtic Bank totaling $178,598.88, demonstrating a pattern of overcommitment across 31 concurrent homeowners. (State FAC ¶¶ 1-5). Abittan fraudulently used Contractor License No. 1031676, belonging to a separate corporation ("Your Prime Contractor, Inc.") with zero employees, violating Bus. & Prof. Code §§ 7027.3, 7028, and 7071, and operated without a surety bond. He concealed his unlicensed status, demanded unauthorized advances in violation of Bus. & Prof. Code § 7159, and used unlicensed workers like Julio and Carlos Siam without supervision, with his brother Oron Aharon Avitan acting as an alter ego and receiving commission payments totaling $32,759.83 from Abittan's personal account. Work commenced on or about August 1, 2023, with crew and equipment brought by Abittan's crew, involving removal of electrical fixtures, cabinets, vanities, mirrors, and tiles.

  The Property, a rental generating $14,000-$20,000 monthly, suffered lost income of $340,000+ from August 2023 due to delays and defects. A January 7, 2025 fire destroyed the Property, amplifying all damages into permanent catastrophic losses exceeding $500,000, including total replacement costs and irremediable defects, with pre-existing issues like water retention from improper sloping contributing to fire vulnerability. The State Action alleges breaches of written and oral contracts, including timeline failures despite promises of 4-6 week completion, quality breaches with defective workmanship violating implied warranties, and payment violations. It further alleges negligence causing property damage, professional negligence for substandard construction, negligent misrepresentation of capabilities, construction defects under Civ. Code §§ 895-945.5, conversion of $44,500 payments and $5,500+ in personal property, fraud through intentional misrepresentations (e.g., licensing and timeline promises

2

DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES

known to be false given concurrent projects), concealment of unlicensed status and abandonment patterns, false promises without intent to perform, unfair competition under Bus. & Prof. Code § 17200 et seq., and contracting without license under Bus. & Prof. Code §§ 7028, 7027.3, 7028.15. Remedies sought include disgorgement under Bus. & Prof. Code § 7031(b), treble damages under Code Civ. Proc. § 1029.8, punitive damages under Civ. Code § 3294, and exemplary damages under Civ. Code § 3337. (State FAC Prayer).

  SNIC issued the Policy to "Shlomi Abittan individually dba Your Prime Contractor" for August 4, 2022, to August 4, 2023, with $1,000,000 per occurrence/$2,000,000 aggregate for CGL and $25,000/$50,000 for Errors & Omissions. The Certificate of Insurance (COI) shows the insured name as Shlomi Abittan and name of the business as Your Prime Contractor. Another COI issued by SNIC, however shows the insured name as David Abittan and name of the business as Your Prime Contractor, Inc., dba Prime Construction. Both COIs contain the same policy number, and applicable period. The contradiction requires declaration by the judiciary. (Mostafavi Decl. ¶4, Exhibit A) The State Action's Fourteenth Cause of Action seeks declaratory relief against SNIC on coverage for negligent acts (e.g., plumbing/electrical defects as "occurrences"), exclusions, policy period (work began August 1, 2023), conflicting Certificates of Insurance (one for Abittan, one for the corporation under Policy No. NXTYCT609-01-GL), and indemnification under Ins. Code § 11580(b)(2) if Abittan defaults. (Mostafavi Decl. ¶5, Exhibit B.)

  After service of process and summons, NMFT engaged in discussions with SNIC's counsel, Jason P. Tortorici from Schilleci & Tortorici, P.C. offering to amend the complaint by removing the section 11580(B) claim and replacing it with a declaratory relief claim instead. (Mostafavi Decl. ¶6, Exhibit C.) On August 21, 2025, SNIC filed this federal declaratory judgment action seeking a declaration of no coverage under Commercial General Liability Policy No. NXTYHC6TE9-01-GL (the "Policy") with respect to claims arising from construction work at the property located at 1407 Monte Grande Pl., Pacific Palisades, California 90272 (the "Property"). (Mostafavi Decl. ¶7.) On the following day on August 22, 2025, SNIC rejected NMFT's offer to amend the 25SMCV03852 by replacing the direct claim with a declaratory relief claim and filed a demurrer in the state court as well. (Mostafavi Decl. ¶8.) On or about September 21, 2025, NMFT amended the 25SMCV03852 acion (the "State Action"), against Shlomi Abittan and for a declaratory relief against SNIC. (Mostafavi Decl. ¶9, Exhibit D.)

3

DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES

On September 24, 2025, the Hon. Mark H. Epstein, Superior Court, Dept. I, Judge presiding ordered both state cases related. (Mostafavi Decl. ¶10, Exhibit E.)

The State Action incorporates allegations from the earlier underlying state court action, Los Angeles County Superior Court Case No. 23SMCV05401, filed on November 11, 2023, which includes extensive discovery such as bank records, Contractors State License Board filings, and insurance documentation establishing Shlomi Abittan's unlicensed operations and the factual basis for coverage under the Policy. (Mostafavi Decl. ¶11.) The State Action asserts claims against Shlomi Abittan for breach of contract, negligence, fraud, construction defects, and violations of California Business and Professions Code sections related to unlicensed contracting, and seeks declaratory relief against SNIC on the same coverage issues presented in this federal action, including whether negligent acts during the policy period constitute "occurrences," the applicability of exclusions, policy timing, and SNIC's indemnification obligations under California Insurance Code § 11580. (Mostafavi Decl. ¶12.)

The factual allegations in the State Action, including details of defective work commencing on or about August 1, 2023, property damage amplified by a January 7, 2025 fire, and Shlomi Abittan's systematic unlicensed scheme evidenced by $2,188,763.42 in deposits into a personal bank account, directly support the parallelism and exceptional circumstances warranting abstention as argued in the motion. (Mostafavi Decl. ¶13.) Resolution of the State Action will substantially resolve the issues in this federal case, as both proceedings involve the same parties, Policy, and underlying events. (Mostafavi Decl. ¶14.)

On October 1, 2025, I requested to meet and confer with SNIC's counsel pursuant to Local Rule 7-3 Pre-Filing Meet and Confer Requirement either by videoconference or in person. On October 3, 2025, at telephonically conferred with Ms. Tolson about the federal case, and intent to file a motion to dismiss based on the Colorado River, the pending state case, and requested for dismissal of the federal and SNIC from the pending state case. During the call, Ms. Tolson did not agree to dismiss the federal case voluntarily. On October 6, 2025, I sent another email to Ms. Tolson inquiring about our recent telephonic conference. As of the time of this writing, I have not heard back from Ms. Tolson. (Mostafavi Decl. ¶15.)

This federal action, filed simultaneous with the State Action attempts to address the same Policy and facts, seeks opposite declarations of no coverage.

4

DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES

### III. LEGAL STANDARD

Federal courts have a "virtually unflagging obligation" to exercise jurisdiction, but the Colorado River doctrine permits dismissal or stay in exceptional circumstances for parallel state proceedings. (*Colorado River*, 424 U.S. at 817; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983).) Threshold inquiry is whether proceedings are parallel. (*Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) "'[E]xact parallelism' is not required; '[i]t is enough if the two proceedings are `substantially similar."'"). The *Colorado River, Moses H. Cone* and subsequent Ninth Circuit cases have recognized eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. (*R.R. St. & Co. v. Transp. Ins. Co*., 656 F.3d 966, 978-79 (9th Cir. 2011).

### IV. ARGUMENT

The instant case seeks a declaratory relief. Because the action does not seek damages, this Court has the discretion to adjudicate the issue under the abstention doctrine under the Colorado River. "[C]ourts do not possess the same discretion over actions for damages that they possess over declaratory judgment actions. (*R.R. St. & Co. v. Transp. Ins. Co*., 656 F.3d at 977.) Plaintiff respectfully request the Court to exercise its discretion and dismiss the federal case under the Colorado River doctrine in light of more comprehensive pending state action

#### A. The Proceedings Are Parallel.

Parallelism exists because the State Action will substantially resolve this federal case. Both involve the same parties (SNIC, NMFT, Abittan), Policy, and underlying facts. The State FAC alleges Abittan's negligent acts (e.g., defective plumbing causing water damage, unpermitted electrical hazards, improper balcony installation leading to water retention) occurred during the policy period (work started August 1, 2023, with specific activities like removing fixtures and preparing for tiling), constituting "occurrences" under Coverage A and potentially Errors & Omissions.

5

DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES

FAC seeks declarations on coverage for these acts, exclusions (e.g., intentional fraud vs. negligent workmanship), policy period timing (explicitly questioning pre-August 4, 2023 work causing damages), and indemnification—mirroring SNIC's federal claims of no coverage due to cancellation, entity mismatch (individual vs. corporate insured), and exclusions. (SNIC's Federal Complaint: ¶¶ 9, 17). The State Action's detailed allegations (e.g., fire-amplified damages from pre-existing defects like substandard materials and structural issues, estimated at $500,000+ including $340,000+ lost rental income) require individualized assessment of coverage, resolving whether negligent workmanship falls within CGL/E&O limits and addressing conflicting Certificates of Insurance that raise questions about the insured's identity and policy application. Resolution of the state action will dispose of federal issues. "Under Colorado River, we consider both 'whether the state court proceedings can adequately protect the rights of the federal litigants' (the 'adequacy' factor) and 'whether the state court proceedings will resolve all issues before the federal court' (the 'parallelism' factor)." (*Seneca Ins. Co. v. Strange Land, Inc.,* 862 F.3d 835, 845 (9th Cir. 2017) "The parallelism factor provides that 'the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a *Colorado River* stay or dismissal.'" "Though 'exact parallelism ... is not required, substantial similarity of claims is necessary before abstention is available." (*Ibid*.)  Here, the parallel proceedings in this Court and in State court address exactly the same claims, more than the "substantially similar" requirement. (*Ibid*.)

**B.  Exceptional Circumstances Warrant Abstention.**

"Drawing from *Colorado River*, *Moses H. Cone* and subsequent Ninth Circuit cases, we have recognized eight factors for assessing the appropriateness of a Colorado River stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court

6

DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES

proceedings will resolve all issues before the federal court." [1] (*R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d at 978-979.)

All factors, supported by State Action allegations, favor abstention:

1. <u>Assumption of Jurisdiction Over Property</u>. This factor favors abstention. While neither court has in rem jurisdiction, the State Action centrally involves the Property (res)—remodeling work by Shlomi on the Property, damages to the Property by Shlomi, and complete destruction by the January 2025 Palisades fire, with allegations of defects (e.g., improper sloping causing water retention, defective plumbing leading to leaks, and substandard materials amplifying fire damage) requiring state expertise in real property disputes under California-specific statutes like Civ. Code §§ 895-945.5 for construction defects. (State FAC ¶¶ Seventh cause of action).

2. <u>Inconvenience of the Federal Forum</u>. The federal forum (Central District) is inconvenient compared to state court (Los Angeles County), where the Property is located, witnesses (e.g., unlicensed workers Julio/Carlos, salesperson Shay Yefet) reside, and evidence (e.g., banking records showing $2.188M deposits and CSLB filings confirming zero employees for the corporate license) is accessible. All events occurred in Los Angeles County, making state court more convenient for senior citizen NMFT, whose vulnerability is emphasized in allegations of targeted fraud, especially where the leading Case No. 23SMCV05401 is pending before Hon. Epstein, Dept. I of the Los Angeles County Superior Court. (See *R.R. St.*, 656 F.3d at 979.

3. <u>Avoidance of Piecemeal Litigation</u>. This "paramount" factor strongly favors abstention. *Moses H. Cone*, 460 U.S. at 19. Duplicative proceedings risk inconsistent rulings on coverage for the same negligent acts (e.g., plumbing leaks and electrical hazards as "property damage" under Policy, or construction defects under Civ. Code §§ 895-945.5). The State Action's comprehensive claims (fraud with specific misrepresentations about licensing and timelines known false due to 31 concurrent projects; negligence causing direct property damage; UCL violations for unfair practices like license lending; conversion of payments and property) integrate coverage with liability, avoiding fragmentation—especially with fire-amplified losses ($500,000+) tied to defects and including enhanced remedies like treble damages for unlicensed

---

[1] "The Court enumerated the first four factors in *Colorado River.* 424 U.S. at 818-19, 96 S.Ct. 1236. The fifth and sixth factors are drawn from *Moses H. Cone*, 460 U.S. at 23-27, 103 S.Ct. 927, and the seventh and eighth factors emerged from subsequent Ninth Circuit cases, see *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1367-68 (9th Cir.1990). In *Holder*, we explicitly listed the first seven factors, but we also considered the eighth factor as a preliminary matter. See *Holder*, 305 F.3d at 870." (*R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d at 979, fn 9.)

7

DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES

work. Federal proceedings would piecemeal these intertwined issues as it only alleges declaratory relief against its insured and the homeowner.

4. <u>Order of Obtaining jurisdiction.</u> NMFT filed its claims against, inter alia, Shlomi Abittan in a state action in November 2023. (See the Underlying action (Case No. 23SMCV05401) attached to state action filed on July 28, 2025 (Exhibit B, Case No. 25SMCV03852) The instant federal case was filed on August 21, 2025 and the State Action was amended on September 21, 2025. California Superior Court took jurisdiction first (Case No. 23SMCV05401 and Case No. 25SMCV03852) before the instant federal case was filed. However, the FAC with comprehensive claims against Shlomi Abittan was filed after the filing of this instant action. Instead of taking a mechanical approach by considering the filing dates, court must apply this factor "'in a pragmatic, flexible manner with a view to the realities of the case at hand.'", citing *Moses H. Cone*, 460 U.S. at 21, 103 S.Ct. 927 (giving little weight to the dates of filing when the same relative progress had been made in the state and federal proceedings)" (*R.R. St.*, 656 F.3d at 980.) The State Action builds on the underlying state case (filed 2023), incorporating discovery (e.g., banking records proving unlicensed scheme with specific transactions like $190,120.75 to OnDeck Capital and $145,905.82 in Zelle payments, CSLB certifications of zero employees). The parties in the leading state case No. 23SMCV05401, have conducted discovery, attending informal discovery conferences, filing multiple pre-trial motions, with three pending motions for summary judgment or in the alternative, summary adjudication and have a trial date of February 9, 2026. Much progress has been made in the leading 23SMCV05401 case and with newly discovered evidence in support of allegations in the State Action 25SMCV03852, starting the litigation in the District Court would be not only duplicate the efforts, resulting to inconsistent findings, but is goes against the judicial efficiency and avoidance of limited resources of the litigants.

5. <u>Source of Governing Law.</u> State law governs this diversity action on California insurance/construction claims (e.g., Bus. & Prof. Code violations for unlicensed contracting, license lending, and unauthorized advances; Civ. Code provisions for fraud, negligence, and construction defects). The instant case is based on the diversity of jurisdiction with no federal issues involved. On the other hand, the State Action seeks the state court's expertise in California laws (e.g., disgorgement under § 7031(b) for $44,500 payments, senior citizen protections under § 7150(b)). The governing state law factor favors abstention here in light of the allegations of

8

DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES

systematic fraud ($2.188M deposits, alter ego involvement with $32,759.83 commissions) underscore state interest.

6. <u>Adequacy of State Proceedings.</u> The state court can fully protect rights of the parties in the federal action, as it handles the same declaratory claims under Code Civ. Proc. § 1060, including specific questions on "occurrences" from pre-August 4 work and conflicting COIs. It provides jury trial, discovery, and remedies (e.g., punitive damages for malicious fraud against a senior, treble damages under Code Civ. Proc. § 1029.8, UCL restitution) unavailable or inefficient federally. The adjudication of the State Action does not create a substantial doubt that there will be unresolved issue of facts or law left for this Court to adjudicate the claim declaratory relief brought by SNIC. Because such substantial doubt as to whether the state proceedings will resolve the federal action does not exist, the abstention is proper and this case must be dismissed. (See *Holder*, 305 F.3d at 868).

7. <u>Vexatious or Reactive Nature.</u> This federal action appears reactive to the underlying state case, where SNIC denied coverage on April 24, 2024, and a default was entered against Abittan's entity, with NMFT seeking direct recovery under Ins. Code § 11580. (Fed. Compl. ¶¶ 14-15). SNIC filed this action in federal court amid ongoing state discovery revealing Shlomi Abittan's scheme (e.g., using license of others, receiving funds from homeowners in his individual bank account, 31 concurrent projects, concealment of unlicensed status…etc.). SNIC seeks to preempt state resolution of integrated claims like fraud and negligence. SNIC filed this case in federal court believing the most favorable jurisdiction or court in which a claim might be heard in its favor. This suggests forum-shopping. The California state court, however is a a comprehensive forum, not merely a favorable one for defendants in this action who are litigants in the State Action. (See *R.R. St.*, 656 F.3d at 981.)

8. <u>Progress of Litigation.</u> The State Action, incorporating 2023 underlying progress (e.g., defaults, discovery on banking/CSLB records showing systematic violations), is more advanced than this nascent federal case. (State FAC, Ex. A). Service, amendments, and jury demand in state favor abstention.

Balanced against the jurisdictional presumption, these factors—especially piecemeal avoidance and state law dominance—establish exceptional circumstances.

**C. The Court must dismiss the instant case instead of ordering for the stay**

DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES

"When a district court decides to dismiss or stay under Colorado River, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." (*Moses H. Cone*, 460 U.S. at 28.) If the Court find NMFT has adequately shown the Colorado River factors, it must dismiss the federal case.

## V. CONCLUSION

For the foregoing reasons, this Court should dismiss this action without prejudice under Colorado River.

Dated: October 7, 2025            **MOSTAFAVI LAW GROUP, APC**

*Amir Mostafavi*

By:_____

AMIR MOSTAFAVI, Esq.
Attorney for Plaintiff, NM Family Trust

10

DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, declare: I am employed in the County of Los Angeles, State of California. I am over the age of 18. My business address is 15243 La Cruz Dr., 67, Pacific Palisades, California 90272. I am readily familiar with the business practice of processing of documents for service for Mostafavi Law Group, APC. September 10, 2025, I served a true and correct copy of the foregoing document(s) described as:

**DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES**

On all the following interested parties as indicated below:

| | |
|---|---|
| Catharine M. Tolson, Esq., SBN 271223 GOODMAN, NEUMAN, HAMILTON 100 Bush Street, Suite 1800 San Francisco, CA 94104 T: 415/705-0400 ctolson@gnhllp.com Attorneys for plaintiff STATE NATIONAL INSURANCE COMPANY | Schilleci & Tortorici, p.c. Jason p. Tortorici; Anthony c. Kohrs 21225 pacific coast Hwy, suite C, Malibu, ca 90265 Telephone (424) 255-6009 | Facsimile (205)623-3700 Jpt@schillecitortoricilaw.com ack@themillenniallawyer.com Attorneys for defendant state national insurance company |

by causing service by the method indicated below:

        <u>U.S. Mail</u> – By placing a copy of said document(s) in a sealed envelope with postage thereon fully prepaid, and depositing said envelope with the U.S. Postal Service via U.S. First Class Mail, following this office's business practices.

        <u>Overnight Delivery</u> - By placing a copy of said document(s) in a sealed prepaid overnight envelope or package, and depositing said envelope or package today in a box or other facility regularly maintained by the express service carrier, following this office's business practices.

        <u>Personal Service</u> – By personally delivering said document(s) in an envelope or package clearly labeled to identify the attorney/party located at the office(s) of the addressee(s) stated above.

        <u>Facsimile</u> – By placing a true copy thereof into a facsimile machine to the fax number stated above, as agreed upon, in writing, by parties or attorneys of the record.

X    <u>Electronic Service</u> – By electronically sending a copy of said document(s) to the attorney or party as stated above and as agreed upon, in writing, by the parties, or their attorneys of the record.

I declare under the penalty of perjury under laws of the State of California that the foregoing is true and correct. Executed on September 10, 2025, at Los Angeles, California.

*Amir Mostafavi*

_____
Amir Mostafavi

11

DEFENDANT AMIR MOSTAFAVI'S NOTICE OF MOTION AND MOTION TO DISMISS BASED ON THE COLORADO RIVER ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES