Brandt L. Wolkin, Esq., SBN 112220
Catharine M. Tolson, Esq., SBN 271223
GOODMAN, NEUMAN, HAMILTON, LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
T: 415/705-0400
bwolkin@gnhllp.com
ctolson@gnhllp.com

Attorneys for plaintiff
STATE NATIONAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMIR MOSTAFAVI, TRUSTEE OF THE NM FAMILY TRUST, DATED JULY 10, 2018; AND SHLOMI ABITTAN, INDIVIDUALLY AND DBA YOUR PRIME CONTRACTOR; and DOES 1-10,<br><br>Defendants. | Case No. 2:25-cv-7863-SPG-SK<br><br>**STATE NATIONAL INSURANCE COMPANY'S OPPOSITION TO MOTION TO DISMISS CASE**<br><br>**Date:** November 12, 2025<br>**Time:** 11.00 am<br><br>The Hon. Judge Sherilyn P. Garnett<br>Courtroom 5C, 5th Floor<br>First Street U.S. Courthouse |

1

OPPOSITION TO MOTION TO MOTION TO DISMISS                                    CASE NO. 2:25-CV-7863

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................3

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................4

I.    INTRODUCTION ................................................................................................4

II.    SUMMARY OF SNIC'S POSITION ..................................................................4

III.    FACTUAL BACKGROUND ...............................................................................5

IV.    ARGUMENT .........................................................................................................7

    A.    The Actions are Not Parallel ....................................................................9

    B.    Even if the Actions Were Parallel, Which They Are Not, the Factors Supporting Abstention are Not Met. .............................................9

V.    CONCLUSION ...................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

*Colorado River Water Conservation Dist. v. United States*,
 424 U.S. 800 (1976) ...................................................... 5, 8, 9, 11, 12, 13

*Donovan v. City of Dallas*,
 377 U.S. 408 (1964) ....................................................................... 8

*In re Mattel, Inc.*,
 588 F. Supp. 2d 1111 (C.D. Cal. 2008) ..................................................... 9

*McClellan v. Carland*,
 217 U.S. 268 (1910) ...................................................................... 7, 8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
 460 U.S. 1 (1983) ................................................................... 5, 8, 10

*R.R. Street Co. v. Transportation Ins. Co.*,
 656 F.3d 966 (2011) ..................................................................... 12

*Seneca Ins. Co. v. Strange Land, Inc.*,
 862 F.3d 835 (9th Cir. 2017) ........................................... 5, 8, 10, 11, 12

*Travelers Indem. Co. v. Madonna*,
 914 F.2d 1364 (9th Cir. 1990) ............................................................ 10

**Statutes**

CA Insurance Code section 11580 ................................................................. 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff STATE NATIONAL INSURANCE COMPANY ("SNIC") hereby opposes Defendant Amir Mostafavi, Trustee of the NM Family Trust dated July 10, 2018's ("Mostafavi") Motion to Dismiss this Action.

For the reasons set forth below, abstention is neither appropriate nor warranted in this case. Moreover, a Stipulated Judgment of Declaratory Relief between SNIC and its named insured, Abittan, who is the principal party to this action, is currently pending before this Court. Dismissing or staying this matter at this stage would improperly interfere with the parties' ability to obtain that stipulated relief and would serve no legitimate judicial or equitable purpose. The orderly resolution of the pending stipulation further underscores why this Court should retain jurisdiction and proceed to judgment.

## II. SUMMARY OF SNIC'S POSITION

SNIC filed this federal declaratory relief action on August 21, 2025 (the "Federal Action"), against its named insured, Shlomi Abittan, individually and doing business as Your Prime Contractor ("Abittan") to obtain declaratory relief that SNIC owes no coverage to Abittan in the underlying action, *Amir Mostafavi, Trustee of the NM Family Trust, Dated July 10, 2018 v. Your Prime Contractor, Inc. dba Prime Construction, et al.,* Superior Court of California for the County of Los Angeles, Case No. 23SMCV05401 (the "Underlying Action"). SNIC seeks an order of no coverage under certain policies of insurance issued by SNIC to Abittan in light of certain terms and conditions on the Policy. SNIC opted to include Mostafavi in the Federal Action as a Defendant third party in interest, because Mostafavi is plaintiff in the Underlying Action and has indicated he intends to bring a direct action against SNIC to recover under the Policy if he is successful in obtaining a judgment

///

against Abittan. The Federal Action seeks a declaratory judgment of no coverage under the Policy for the Underlying Action.

One month after SNIC filed this Federal Action, Mostafavi filed an Amended Complaint in the Underlying Action, adding SNIC as a defendant and seeking declaratory relief that SNIC owes coverage to Abittan, despite the fact that Mostafavi is not an insured under the SNIC policy. Now, dissatisfied with SNIC's choice of a federal forum, Mostafavi moves to dismiss this properly-filed action in a transparent attempt to evade federal jurisdiction and re-litigate the same issues in the forum he prefers. There simply is no basis for dismissal or abstention under the *Colorado River* doctrine.

The law is clear: *Colorado River* abstention applies only in "exceptional circumstances," and there is a strong presumption in favor of the exercise of federal jurisdiction. See *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 841–42 (9th Cir. 2017); *Moses H. Cone Mam'll Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). Here, the State Action will not resolve all issues before this Court. Most critically, SNIC's obligations to its named insured, Abittan, are not at issue there. That alone precludes abstention as a matter of law. Moreover, the remaining *Colorado River* factors also fail to support dismissal, making this motion meritless.

## III. FACTUAL BACKGROUND

Mostafavi has engaged in a series of irregular procedural maneuvers in an apparent effort to force SNIC into state court and create leverage in that Underlying Action where none exists.

On July 28, 2025, Mostafavi filed a direct action against SNIC in the Los Angeles Superior Court asserting a cause of action to enforce a default judgment against Abittan where no default judgment had been entered. SNIC retained Jason Tortorici to defend SNIC in the Underlying Action on August 6, 2025.

On August 11, 2025, Mr. Tortorici sent an initial meet-and-confer email to Mostafavi stating that the direct action against SNIC to recover judgment against Abittan was improper and premature because Mostafavi does not have a judgment against Abittan. On August 12 and 13, 2025, the parties exchanged multiple emails attempting to meet and confer regarding the pleadings. When discussions reached an impasse, Mr. Mostafavi indicated that he intended to amend his complaint by dropping the direct action claim and asserting a declaratory relief cause of action. Mr. Tortorici did not stipulate or agree to that amendment and informed Mr. Mostafavi that he intended to proceed with filing a demurrer. Mr. Mostafavi again responded that he planned to amend.

On August 22, 2025, Mr. Tortorici, on behalf of SNIC, filed a demurrer to the original complaint in the Underlying Action, including a request for judicial notice that no final judgment had been entered as to any insured in the Underlying Action, and therefore Mostafavi's complaint against SNIC was improper.

Meanwhile, SNIC filed this Federal Action on August 21, 2025 (Dkt. 1) against its own named insured, Shlomi Abittan individually and dba Your Prime Contractor, so as to seek declaratory relief regarding whether SNIC owes any coverage obligation to Abittan in the Underlying Action. SNIC opted to also name Mostafavi to this Federal Action as a third party in interest in light of Mostafavi's efforts to prematurely file an Insurance Code 11580 action against SNIC in the Underlying Action.

On August 26, 2025, Mr. Mostafavi emailed Mr. Tortorici requesting a 30-day extension to file an amended complaint in the Underlying Action, and asked that the demurrer be taken off calendar.

On September 10, 2025, Mr. Tortorici filed a request for judicial notice in the Underlying Action attaching a copy of SNIC's federal declaratory relief action in further support of the demurrer. On September 17, 2025, Mr.

Mostafavi filed a notice of non-opposition to the demurrer, advising the Court that the demurrer was unopposed and that Plaintiff had not filed an amended complaint.

Inexplicably, on September 22, 2025, Mr. Tortorici was served with an untimely amended complaint in the Underlying Action, filed after the opposition to the demurrer was due and without leave of court, again seeking to add SNIC to the Underlying Action and this time to seek declaratory relief that SNIC owes coverage to Abittan (an issue over which Mostafavi, a non-insured, has no standing). That same day, Mr. Tortorici emailed Mr. Mostafavi to meet and confer and objected to the untimely filing of the amended pleading.

On September 24, 2025, the hearing was transferred from Department J to Department I in Santa Monica before the Honorable Mark H. Epstein. Judge Epstein treated the late filing of the amended complaint as a motion for leave to amend, which the Court set for hearing on October 27, 2025, to be heard concurrently with SNIC's demurrer to the operative complaint. Opposition to the demurrer and to the motion for leave to amend was due on October 14, 2025, with SNIC's reply due on October 20, 2025.

Accordingly, the Underlying Action that Mostafavi seeks to elevate over this properly-filed Federal Action remains mired in preliminary pleading disputes. Even if the amended complaint against SNIC is ultimately allowed to stand in the Underlying Action, abstention under the *Colorado River* doctrine is neither warranted nor appropriate. The central issue before this Court, whether SNIC owes insurance coverage to its named insured in the Underlying Action, falls squarely within the proper jurisdiction of this Federal Action.

## IV.  ARGUMENT

The Supreme Court has long recognized that the existence of a parallel state court proceeding does not, in itself, deprive a federal court of jurisdiction or bar it from proceeding. As the Court stated in *McClellan v. Carland*, "the

pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McClellan v. Carland*, 217 U.S. 268, 282 (1910); see also *Donovan v. City of Dallas*, 377 U.S. 408 (1964). This foundational principle reflects the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

Although federal courts possess limited discretion to abstain from exercising jurisdiction when there are parallel state proceedings, that discretion is sharply constrained. The Supreme Court has made clear that "abstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813. The Ninth Circuit has similarly emphasized that "discretion must be exercised within the narrow and specific limits prescribed by the [Colorado River] doctrine." *Seneca, supra,* 862 F.3d at 840 (alterations in original). In other words, federal courts are not at liberty to decline jurisdiction merely because parallel state litigation exists or because doing so might promote efficiency or comity.

Under the *Colorado River* doctrine, abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River*, *supra*, 424 U.S. at 813. The Supreme Court has underscored that "a stay is as much a refusal to exercise federal jurisdiction as a dismissal." *Moses, supra,* 460 U.S. 1, 25, 28 (1983). Accordingly, federal courts must approach abstention with extreme caution: it is not the role of the judiciary "to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under Colorado River to justify the surrender of that jurisdiction." *Id.* at 25.

///

### A. The Actions are Not Parallel

Before determining whether abstention is appropriate, the Court must first decide whether the federal and state actions are "parallel." Only if the actions are parallel does the Court proceed to analyze the factors set forth in *Colorado River* and its progeny. See *In re Mattel, Inc.*, 588 F. Supp. 2d 1111, 1120 (C.D. Cal. 2008). The threshold requirement of parallelism is not met here. This Action and the Underlying Action involve different claims, different legal issues, and distinct forms of relief.

Mostafavi concedes that the Underlying Action concerns allegations of Abittan's negligence arising from a construction dispute. By contrast, this federal action seeks only a declaration of SNIC's rights and obligations under the insurance policy it issued to Abittan, specifically, whether SNIC has a duty to defend or indemnify its insured. The coverage questions presented here are purely contractual and independent of the tort liability issues being litigated in state court. In other words, the state case addresses liability for alleged construction defects, while this case concerns the interpretation of an insurance contract.

Because the actions are neither factually nor legally parallel, abstention under *Colorado River* is unwarranted. The two proceedings involve distinct parties in different procedural postures, seek different remedies, and will be resolved under separate bodies of law. One is a construction defect case; the other is a straightforward insurance coverage action focused on SNIC's duties to defend and indemnify. The lack of parallelism alone defeats any argument for abstention.

### B. Even if the Actions Were Parallel, Which They Are Not, the Factors Supporting Abstention are Not Met.

Even if the actions were parallel, abstention is not otherwise appropriate under *Colorado River*.

The Ninth Circuit established eight factors used to evaluate whether such "exceptional circumstances" exist to justify a stay under *Colorado River*:

    1.    Whether either court has assumed jurisdiction over a *res*, or property at issue;

    2.    The relative convenience of the forums;

    3.    The desirability of avoiding piecemeal litigation;

    4.    The order in which the forums obtained jurisdiction;

    5.    Whether state or federal law controls;

    6.    Whether the state proceeding is adequate to protect the parties' rights;

    7.    Whether exercising jurisdiction would promote forum shopping; and

    8.    Whether the state court proceedings will resolve all issues before the federal court.

*Seneca*, supra, 862 F.3d at 841–42.

Importantly, these factors are not a mechanical checklist, but rather a flexible, pragmatic guide grounded in the strong federal policy favoring the exercise of jurisdiction. *Moses, supra,* 460 U.S. at 16. "The underlying principle guiding this review is a strong presumption against federal abstention." *Seneca, supra,* 862 F.3d at 842. Thus, the balancing of factors must begin "with the balance heavily weighted in favor of exercising jurisdiction." *Moses, supra*, 460 U.S. at 16. And as the Ninth Circuit has cautioned, "any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

Here, a review of the factors, in light of the context of this Action, mandate a result in favor of federal jurisdiction:

///

- Jurisdiction over a *res*. This is not a proceeding *in rem*. Jurisdiction is not asserted over particular *property*. See *Seneca, supra,* 862 F.3d at 842. This weighs against a stay.

- Avoidance of piecemeal litigation. As explained in *Seneca*, "[a]ny case in which *Colorado River* is implicated will inevitably involve the possibility of 'conflicting results, piecemeal litigation, and some duplication of judicial efforts,' which are the 'unavoidable price of preserving access to ... federal relief.'" *Id.* Nevertheless, "there must be exceptional circumstances present that demonstrate that piecemeal litigation would be particularly problematic." *Id.* at 843. Here, SNIC's federal claim turns on the interpretation of the insurance contract and established principles of insurance law. These are questions that federal courts routinely decide and are fully competent to adjudicate.

Importantly, the federal action does not seek to interfere with or preempt the state court's authority over the underlying tort dispute. The Underlying Action involves issues of liability and damages among private parties, while this declaratory action concerns only the scope of the insurer's contractual obligations. The two actions are therefore distinct in both purpose and effect: the state court is addressing Abittan's alleged liability in tort, whereas this Court is asked to determine whether SNIC has a duty to defend or indemnify its insured.

- Order in which the forums obtained jurisdiction. The federal case in this litigation was filed before Mostafavi filed the Amended Complaint for declaratory relief in the State Court Action. Further, there is a pending Stipulated Judgment for Declaratory Relief in this action entered into between SNIC and Abittan. Accordingly, this factor weighs against abstention.

- The rule of decision. This factor examines whether state or federal law provides the rule of decision on the merits of the dispute. The mere fact

that state law governs does not, by itself, justify abstention. Federal courts are routinely called upon to interpret and apply state law in diversity actions, and "the presence of state-law issues does not by itself warrant dismissal of a federal suit." *Colo. River, supra,* 424 U.S. at 815. As the Ninth Circuit has emphasized, "[c]ases implicating only 'routine issues of state law—misrepresentation, breach of fiduciary duty, and breach of contract—which the district court is fully capable of deciding' do not entail 'rare circumstances' counseling in favor of abstention." *Seneca, supra,* 862 F.3d at 844.

The application of that principle is straightforward here. Like *Seneca*, the present case involves a "straightforward insurance dispute" between an insurer and its insured regarding the scope of the insurer's contractual duties under a policy. Determining whether SNIC has a duty to defend Abittan in the Underlying Action turns on the interpretation of standard policy provisions and well-settled principles of insurance law, precisely the type of "routine issues of state law" that federal courts handle regularly in declaratory judgment actions. There is no unsettled or complex question of state law that would render this case unsuitable for federal adjudication.

• <u>Adequacy of state forum and parallelism of the suits</u>. This factor examines "whether the state court proceedings can adequately protect the rights of the federal litigants" (the "adequacy" factor) and "whether the state court proceedings will resolve all issues before the federal court" (the "parallelism" factor). *Seneca, supra,* 862 F.3d at 845; See also*, R.R. Street Co. v. Transportation Ins. Co.,* 656 F.3d 966 (2011) at 978–79. The adequacy factor looks to whether the state court might be unable to enforce federal rights. As in *Seneca*, the factor is neutral here, and it does not present the "clearest of justification" in favor of surrendering federal jurisdiction. *Id.*

• <u>Avoidance of forum shopping</u>. Just as in *Seneca*, "the record does not reflect that either party engaged in improper forum shopping." *Id.,* at 846.

Mostafavi's assertion that this federal action "appears reactive" to the underlying state case and that SNIC seeks to "preempt state resolution" is unfounded and unsupported. There is no evidence, nor any legal basis, to suggest that SNIC's filing was improper or strategically motivated to interfere with the state court proceeding. To the contrary, this action is properly before the Court based on complete diversity of citizenship and an actual controversy regarding SNIC's coverage obligations under its policy. Federal courts routinely adjudicate declaratory judgment actions involving insurance coverage disputes while related tort actions proceed in state court. Indeed, it is the norm, not the exception, for coverage issues to be litigated separately from the underlying liability claims.

Accordingly, the suggestion that SNIC's action is "reactive" or an attempt to "preempt" state court jurisdiction is misplaced. This federal proceeding serves a legitimate and independent purpose: to clarify the respective rights and obligations of the insurer and its insured under the policy. Because the filing of a diversity-based declaratory judgment action in these circumstances is entirely proper, this factor does not weigh in favor of a stay or abstention.

In sum, the *Colorado River* doctrine demands that federal courts refrain from abstaining unless confronted with truly extraordinary circumstances so compelling as to overcome the strong presumption in favor of exercising jurisdiction. The Supreme Court's consistent admonition that abstention "is the exception, not the rule," together with the Ninth Circuit's heavy presumption against staying federal proceedings, underscores that parallel state litigation alone is insufficient. Absent a clear showing that the state case will fully and adequately resolve all federal issues, abstention would constitute an impermissible abdication of this Court's duty to decide cases properly before it.

///

## V. CONCLUSION

In conclusion, SNIC respectfully requests that the Court deny the Motion to Dismiss.

Respectfully submitted,

Dated: October 22, 2025          GOODMAN, NEUMAN, HAMILTON, LLP

By: */s/ Catharine M. Tolson*
Brandt L. Wolkin, Esq.
Catharine M. Tolson, Esq.

Counsel for Plaintiff
STATE NATIONAL INSURANCE COMPANY