Brandt L. Wolkin, Esq., SBN 112220
Catharine M. Tolson, Esq., SBN 271223
GOODMAN, NEUMAN, HAMILTON, LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
T: 415/705-0400
bwolkin@gnhllp.com
ctolson@gnhllp.com

Attorneys for plaintiff
STATE NATIONAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMIR MOSTAFAVI, TRUSTEE OF THE NM FAMILY TRUST, DATED JULY 10, 2018; AND SHLOMI ABITTAN, INDIVIDUALLY AND DBA YOUR PRIME CONTRACTOR; and DOES 1-10,<br><br>Defendants. | Case No. 2:25-cv-7863-SPG-JK<br><br>**DECLARATION OF JASON TORTORICI IN SUPPORT OF STATE NATIONAL INSURANCE COMPANY'S OPPOSITION TO MOTION TO DISMISS CASE**<br><br>Date:   November 12, 2025<br>Time:   11.00 am<br><br>The Hon. Judge Sherilyn P. Garnett<br>Courtroom 5C, 5th Floor<br>First Street U.S. Courthouse |

I, Jason Tortorici, declare and state as follows:

1. I am an attorney duly licensed to practice law in the State of California and the USDC Central District, and I am counsel of record for Plaintiff State National Insurance Company in the underlying action, *Amir Mostafavi, Trustee of the NM Family Trust, Dated July 10, 2018 v. Your Prime Contractor, Inc. dba Prime Construction, et al.,* Superior Court of California for the County of Los Angeles, Case No. 23SMCV05401 (the "Underlying Action"). I make this declaration in support of SNIC's Opposition to Amir Motsafavi's Motion to Dismiss this federal action.

2. On July 28, 2025, Mostafavi filed a direct action against SNIC in the Los Angeles Superior Court asserting a cause of action to enforce a default judgment against Shlomi Abittan where no default judgment had been entered. SNIC retained me to defend SNIC in the Underlying Action on August 6, 2025.

3. On August 11, 2025, I sent an initial meet and confer email to Mostafavi stating that the direct action against SNIC to recover judgment against Abittan was improper and premature because Mostafavi does not have a judgment against Abittan. On August 12 and 13, 2025, the parties exchanged multiple emails attempting to meet and confer regarding the pleadings. When discussions reached an impasse, Mr. Mostafavi indicated that he intended to amend his complaint by dropping the direct action claim and asserting a declaratory relief cause of action. I did not stipulate or agree to that amendment and informed Mr. Mostafavi that I intended to proceed with filing a demurrer. Mr. Mostafavi again responded that he planned to amend.

4. On August 22, 2025, I, on behalf of SNIC, filed a demurrer to the original complaint in the Underlying Action, including a request for judicial notice that no final judgment had been entered as to any insured in the Underlying Action, and therefore Mostafavi's complaint against SNIC was improper.

5. Meanwhile, SNIC filed this Federal Action on August 21, 2025 (Dkt. 1) against its own named insured, Shlomi Abittan individually and dba Your Prime Contractor, so as to seek declaratory relief regarding whether SNIC owes any coverage obligation to Abittan in the Underlying Action. SNIC opted to also name Mostafavi to this Federal Action as a third party in interest in light of Mostafavi's efforts to prematurely file an Insurance Code 11580 action against SNIC in the Underlying Action.

///

6. On August 26, 2025, Mr. Mostafavi emailed me requesting a 30-day extension to file an amended complaint in the Underlying Action, and asked that the demurrer be taken off calendar.

7. On September 10, 2025, I filed a request for judicial notice in the Underlying Action, attaching a copy of SNIC's federal declaratory relief action in further support of the demurrer. On September 17, 2025, I filed a notice of non-opposition to the demurrer, advising the Court that the demurrer was unopposed and that Plaintiff had not filed any written opposition or amended complaint.

8. On September 22, 2025, I was served with an untimely amended complaint in the Underlying Action, filed after the opposition to the demurrer was due and without leave of court, again seeking to add SNIC to the Underlying Action and this time seeking declaratory relief that SNIC owes coverage to Abittan (an issue over which Mostafavi, a non-insured, has no standing). That same day, I emailed Mr. Mostafavi to meet and confer and objected to the untimely filing of the amended pleading.

9. On September 24, 2025, the hearing of SNIC's demurrer to Mostafavi's Complaint was transferred from Department J to Department I in Santa Monica before the Honorable Mark H. Epstein. Judge Epstein treated the late filing of the amended complaint as a motion for leave to amend, which the Court set for hearing on October 27, 2025, to be heard concurrently with SNIC's demurrer to the operative complaint. Opposition to the demurrer and to the motion for leave to amend is due on October 14, 2025, with SNIC's reply due on October 20, 2025.

10. On October 14, 2025, I filed written opposition to Mostafavi's improper and untimely request for leave to file the amended complaint.

11. Accordingly, the Underlying Action that Mostafavi seeks to elevate over this properly-filed Federal Action remains mired in preliminary

pleading disputes.

I declare under penalty of perjury and under the laws of the State of California and United States of America that the foregoing is true and correct. This declaration is executed in  Malibu , California on October  20 , 2025.

_____
Jason Tortorici

---

Declaration of Jason Tortorici iso Opposition to Motion to Dismiss

CASE NO. 2:25-CV-7863

4