AMIR MOSTAFAVI, ESQ. (SBN: 282372)
**MOSTAFAVI LAW GROUP, APC**
15243 La Cruz Dr., #67
Pacific Palisades, California 90272
Telephone: (310) 849-2030
Facsimile: (310) 473-2222
amir@mostafavilaw.com

*Attorneys for Plaintiff Amir Mostafavi, Trustee of the NM Family Trust, Dated July 10, 2018*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMIR MOSTAFAVI, TRUSTEE OF THE NMFT FAMILY TRUST, Dated July 10, 2018; and SHLOMI ABITTAN, individually and dba Your Prime Contractor; and DOES 1-50,<br><br>Defendants. | CASE NO. 2:25-CV-07863 SPG (SKx)<br><br>*[Assigned to Judge Sherilyn Peace Garnett]*<br><br>**DEFENDANT AMIR MOSTAFAVI'S AMIR MOSTAFAVI'S REPLY IN SUPPORT OF MOTION TO DISMISS CASE**<br><br>*Date: [To be set by Court]*<br>*Time: [To be set by Court]* |

## I.     INTRODUCTION

SNIC's Opposition and its concurrent stipulation to dismiss its own insured with prejudice expose the fundamental infirmity of this federal action. SNIC seeks a declaration regarding coverage owed to Abittan under an insurance policy—but Abittan is being removed from the case. What remains is an action between SNIC and Mostafavi, who are not in contractual privity and have no direct legal relationship giving rise to a justiciable controversy.

Mostafavi does not oppose the stipulation dismissing Abittan. Indeed, Abittan's dismissal demonstrates why this federal action cannot proceed: without the insured, there is no actual case or controversy under Article III. Mostafavi has no standing to litigate the scope of coverage SNIC owes to a third party. Any coverage determination would be premature and advisory. The real dispute—Mostafavi's claims against Abittan—is proceeding in state court, where it belongs. SNIC has received notice of those claims and can fulfill its contractual duties to defend its insured in that forum. This federal action serves no purpose except forum manipulation. Whether analyzed under *Colorado River* abstention, Rule 19, lack of standing, or ripeness principles, the conclusion is the same: this case should be dismissed.

## II.    ABITTAN'S DISMISSAL ELIMINATES ANY JUSTICIABLE CONTROVERSY

### A.  Without the Insured, No Article III Controversy Exists

Federal courts may grant declaratory relief only when there is an "actual controversy" between the parties. (28 U.S.C. § 2201.) This requirement flows from Article III's case-or-controversy limitation. In insurance coverage litigation, an actual controversy exists when the insurer has been called upon to defend or indemnify its insured and there is a concrete disagreement about the scope of coverage between parties with adverse legal interests. The paradigmatic declaratory judgment action involves the insurer seeking a declaration against its insured about the scope of coverage under their insurance contract.

Here, however, SNIC has stipulated to dismiss its insured with prejudice. What remains is not an "actual controversy" but a request for an advisory opinion about hypothetical coverage obligations. SNIC asks: "What coverage would we owe Abittan if he were a party?" Mostafavi responds: "I have no idea—I'm not the insured, I'm not in privity with SNIC, and I have no contractual relationship giving me standing to answer that question."

This arrangement fails to satisfy Article III. Courts have consistently held that declaratory judgment actions must involve parties with direct legal relationships and adverse interests. Without Abittan, this case involves no such controversy.

SNIC may argue that Mostafavi's interest as an underlying claimant is sufficient to create a justiciable controversy. But Mostafavi's interest is derivative at best and entirely contingent. Under California law, Mostafavi has no direct right to recover from SNIC unless and until he obtains a judgment against Abittan. California Insurance Code § 11580 permits direct actions by judgment creditors only after "entry of a final judgment." SNIC's own demurrer in state court argued precisely this point—that any direct action is premature until judgment is entered against the insured. SNIC cannot have it both ways. It cannot argue in state court that Mostafavi has no direct rights against SNIC (because no judgment exists), then turn around and argue in federal court that Mostafavi has sufficient adverse interests to create an Article III controversy. The law does not permit such gamesmanship.

Moreover, the dismissal of Abittan means this Court would be deciding coverage questions without the one party whose interests are most directly affected. Any declaration would necessarily concern Abittan's rights under the insurance contract. Yet Abittan would have no opportunity to contest SNIC's characterizations of the policy terms, the underlying facts, or the applicable legal standards. This is precisely the type of advisory proceeding that Article III forbids.

Federal courts have recognized that declaratory actions concerning insurance coverage must include the insured as a party. Courts routinely dismiss coverage actions where the insured is not joined, recognizing that determinations about an insurer's duties to its insured cannot properly be made in the insured's absence. (*See, e.g., Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968) ("a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him.")

### B. Mostafavi Has No Standing to Litigate Coverage Owed to Abittan

Even assuming an Article III controversy existed, Mostafavi lacks standing to defend against SNIC's coverage claims. Standing requires that a party have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to

be redressed by a favorable judicial decision." To establish injury in fact, a plaintiff must show an invasion of a legally protected interest that is concrete and particularized.

Mostafavi's interest in the coverage dispute is neither concrete nor particularized at this stage. He has not obtained a judgment against Abittan. He has no present right to recover from SNIC. His interest is entirely contingent on future events: (1) obtaining judgment against Abittan, (2) attempting to collect from Abittan, (3) Abittan's inability to satisfy the judgment, and (4) establishing that the judgment falls within SNIC's coverage obligations.

This contingent, future interest is insufficient to confer standing. It is certainly insufficient to give Mostafavi standing to litigate the scope of coverage as between SNIC and its insured. Mostafavi has no information about the insurance application, no knowledge of communications between SNIC and Abittan, no understanding of Abittan's expectations regarding coverage, and no contractual relationship giving him insight into the parties' intent. Most critically, Mostafavi's interests may be directly averse to Abittan's interests. Mostafavi seeks to maximize his recovery, which may include arguing for narrow coverage that would leave Abittan personally liable. Abittan's interest lies in maximizing available coverage to protect himself from personal liability. These adverse interests mean Mostafavi cannot adequately represent or defend Abittan's coverage rights.

Allowing this action to proceed would place Mostafavi in an impossible position: defending coverage arguments for a third party whose interests are adverse to his own, based on a contract to which he is not a party, concerning facts to which he has no access. Courts should not countenance such arrangements.

### C. The Coverage Dispute Is Premature and Not Ripe

Beyond standing and Article III concerns, the coverage dispute is simply not ripe for adjudication. Federal courts have long recognized that insurance coverage disputes may be premature when filed before the underlying liability is determined. This is particularly true for questions of the duty to indemnify, which cannot be resolved until the insured's liability and damages are established. While courts may address the duty to defend earlier (because that duty arises when a claim is tendered), the duty to indemnify remains contingent until liability is established.

Here, SNIC seeks declarations regarding both its duty to defend and duty to indemnify. As to the duty to defend, SNIC has already received notice of the claims against its insured in

state court. SNIC can either defend Abittan or issue a reservation of rights. It need not obtain a federal declaratory judgment to clarify its defense obligations—those obligations are governed by the policy terms and the nature of the claims filed against the insured.

As to the duty to indemnify, that issue is clearly premature. No judgment exists against Abittan. The underlying construction defect litigation has not proceeded to judgment. The amount of any potential liability has not been determined. In these circumstances, any declaration about SNIC's indemnity obligations would be hypothetical and advisory.

The premature nature of this action is confirmed by SNIC's own litigation conduct. SNIC demurred to Mostafavi's original state court complaint on the ground that any direct action under Insurance Code § 11580 is premature until judgment is entered against the insured. SNIC was correct—§ 11580 requires entry of final judgment as a prerequisite to a direct action. But if the direct action is premature, the coverage dispute itself is premature. SNIC cannot successfully argue that Mostafavi has no current rights against SNIC, then simultaneously seek a declaration of those non-existent rights in federal court.

The proper course is for the underlying state court action to proceed. If and when Mostafavi obtains a judgment against Abittan, the coverage issues can be addressed at that time—either through a direct action under § 11580 (if Abittan cannot satisfy the judgment) or through litigation between SNIC and Abittan regarding SNIC's indemnity obligations. Either way, those issues are not ripe for adjudication now.

### III.   THE STATE COURT ACTION IS THE PROPER FORUM FOR ALL DISPUTES

#### A.   The Parallel State Proceedings Are Ongoing and Adequate

The Motion to Dismiss argued at length that *Colorado River* abstention is appropriate given the parallel state court proceedings. SNIC's Opposition does not materially alter that analysis. Indeed, Abittan's dismissal strengthens the case for abstention by demonstrating that the federal forum cannot provide complete relief. The state court action provides an adequate forum for resolving all disputes. Mostafavi has filed an amended complaint in state court asserting construction defect claims against Abittan and seeking declaratory relief regarding SNIC's coverage obligations. That amended complaint names all necessary parties: Mostafavi (the claimant), Abittan (the insured/tortfeasor), and SNIC (the insurer).

SNIC argues that the amended state complaint was untimely and filed without leave of court. That may be true, but it is a matter for the state court to resolve. The state court has scheduled a hearing on October 27, 2025 to address both SNIC's demurrer and Mostafavi's request for leave to file the amended complaint. If the state court grants leave to amend, the state action will proceed with all parties properly joined. If the state court denies leave, the result will be that the premature direct action is dismissed—which is exactly what should happen under § 11580 until Mostafavi obtains a judgment.

Either outcome demonstrates that the state court is the proper forum. If the amended complaint proceeds, all coverage issues can be litigated there alongside the underlying liability questions. If the amended complaint is rejected, it confirms that the coverage dispute is premature—in which case this federal action should likewise be dismissed as premature.

## B. California Insurance Code § 11580 Governs the Proper Sequence

California Insurance Code § 11580 establishes the framework for when third-party claimants may pursue direct actions against insurers. The statute is explicit: direct actions are permitted only after "the entry of a final judgment against the insured." Cal. Ins. Code § 11580(a). This statutory scheme reflects sound policy. It ensures that liability is first established against the insured, then coverage questions are addressed in an appropriate forum with all necessary parties present. It prevents insurers from racing to federal court to obtain favorable declaratory judgments before the insured's liability is determined. And it prevents the fragmentation of related disputes across multiple forums.

SNIC's federal action subverts this statutory scheme. By filing in federal court before any judgment exists against Abittan, SNIC attempts to obtain a coverage determination before the preconditions for such a determination are satisfied. By then dismissing Abittan from the action, SNIC seeks a determination of its obligations to the insured without the insured's participation. Section 11580's requirement of final judgment before a direct action reflects the Legislature's judgment about when coverage disputes are ripe and appropriate for adjudication. Federal courts sitting in diversity should respect that state law framework rather than permitting insurers to evade it through federal declaratory actions.

SNIC has received notice of the claims against its insured. That notice triggers SNIC's contractual duties under the insurance policy. SNIC must either defend Abittan in the state court action or issue a reservation of rights explaining its coverage position. What SNIC cannot do is

avoid its defense obligations by obtaining a premature federal declaratory judgment in the absence of the insured.

### C. SNIC Has Notice and Can Defend Its Insured in State Court

SNIC's Opposition emphasizes the "properly-filed Federal Action" and the pending "Stipulated Judgment of Declaratory Relief" between SNIC and Abittan. But these assertions cannot obscure the fundamental problem: SNIC is attempting to litigate coverage without its insured as a party. The fact remains that SNIC has received full notice of the claims against Abittan in state court. Mostafavi's amended complaint alleges claims arising from Abittan's conducts, or omissions. These allegations have been provided to SNIC. SNIC can review those allegations, compare them to the policy terms, and make a coverage determination.

If SNIC believes it has no duty to defend, it can disclaim coverage and litigate that issue in state court where all parties are present. If SNIC believes it has coverage defenses but wants to preserve its rights, it can defend under a reservation of rights. These are the standard mechanisms by which coverage disputes are handled, and they do not require a federal declaratory action. The Ninth Circuit's decision in *Seneca Insurance Co. v. Strange Land, Inc*. is instructive. There, the court emphasized that *Colorado River* abstention is appropriate where the state court proceedings can adequately protect the parties' rights and where the federal action will not completely resolve the disputes. 862 F.3d 835, 845 (9th Cir. 2017). Both factors favor abstention here.

The state court can adequately protect all parties' rights. California courts routinely adjudicate insurance coverage disputes. They are fully competent to interpret insurance policies, apply California insurance law, and resolve disputes between insurers and insureds. There is no federal interest requiring this Court's intervention. Moreover, this federal action cannot completely resolve the disputes because the insured is not a party. Even if this Court were to issue a declaration, that declaration would not bind Abittan. He could litigate coverage issues in state court, potentially reaching different conclusions. The risk of inconsistent determinations and piecemeal litigation strongly favors allowing the state court to resolve all issues in a single proceeding.

### IV. ABITTAN'S DISMISSAL CONFIRMS SNIC'S FORUM MANIPULATION

The circumstances surrounding Abittan's dismissal warrant careful scrutiny. SNIC filed this federal action on August 21, 2025, naming both Abittan and Mostafavi as defendants. The

Complaint explicitly sought declarations regarding SNIC's obligations to Abittan under the insurance policy. SNIC's pleadings acknowledged that Abittan was the named insured and that the coverage questions concerned SNIC's duties to him.

One month later, after Mostafavi challenged federal jurisdiction, SNIC entered into a stipulation dismissing Abittan with prejudice. The timing is not coincidental. SNIC originally named Abittan because his participation was necessary to resolve the coverage dispute. But when Mostafavi argued that the federal forum was improper and that *Colorado River* abstention was warranted, SNIC suddenly decided Abittan was expendable.

This sequence reveals the hollowness of SNIC's jurisdictional claims. If Abittan was necessary when the action was filed, he remains necessary now. The coverage questions have not changed. The policy terms have not changed. What changed is that SNIC's preferred forum was challenged, and SNIC responded by eliminating the party whose presence complicated its jurisdictional arguments.

Courts should not reward such forum manipulation. Federal jurisdiction is not a prize to be obtained through strategic dismissals of necessary parties. When a plaintiff files an action naming certain parties, then dismisses those parties to preserve jurisdiction, courts examining the propriety of proceeding without them frequently conclude that dismissal is warranted.

Here, the manipulation is particularly egregious because the dismissed party is the insured whose coverage rights are at issue. This is not a case where a peripheral party has been dismissed for strategic reasons. This is a case where the central party—the one with the most direct interest in the coverage determination—has been removed, leaving only SNIC and a third-party claimant who lacks standing to defend the insured's interests.

The proposed stipulated judgment between SNIC and Abittan does not cure this problem. A stipulated judgment entered after Abittan has been dismissed with prejudice would lack any meaningful adversarial context. Abittan would not actually be a party when the judgment is entered. Such a judgment would be advisory at best and potentially void for lack of jurisdiction at worst.

Moreover, SNIC's suggestion that it has a "pending Stipulated Judgment for Declaratory Relief" with Abittan raises more questions than it answers. If SNIC and Abittan have agreed on the coverage issues, why is federal adjudication necessary? If they have not agreed, how can a stipulated judgment resolve anything? The entire arrangement has the appearance of a

jurisdictional contrivance designed to give the federal court something to adjudicate while removing the party whose interests are most directly affected.

The proper response to this manipulation is to dismiss the action, allowing all parties to litigate in state court where the insured will be present and where the coverage disputes can be resolved in the context of the underlying liability litigation. That approach serves judicial economy, respects the state court's authority, and ensures that all interested parties have an opportunity to be heard.

## V.     CONCLUSION

SNIC's stipulation to dismiss its insured with prejudice demonstrates that this federal action cannot proceed. Without Abittan, there is no Article III controversy between the remaining parties. Mostafavi has no standing to litigate coverage owed to a third party. The coverage dispute is premature and not ripe for adjudication. And the state court provides an adequate forum where all necessary parties are or can be present.

The Motion to Dismiss should be granted. This Court should dismiss the action for lack of subject matter jurisdiction, or alternatively, stay the action under *Colorado River* abstention pending resolution of the state court proceedings. Either course would serve the interests of judicial economy, avoid piecemeal litigation, and ensure that coverage disputes are resolved in the proper forum with all necessary parties present.

If the Court is inclined to permit Abittan's dismissal, that action only reinforces the need for dismissal of this entire proceeding. The Court cannot adjudicate coverage disputes between an insurer and its insured when the insured has been removed from the case and the only remaining defendant lacks any contractual relationship with the insurer.

Respectfully submitted,

Dated: October 24, 2025           **MOSTAFAVI LAW GROUP, APC**

                                  *Amir Mostafavi*

                                  By:_____
                                  AMIR MOSTAFAVI, Esq.
                                  Attorney for Plaintiff, NM Family Trust

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, declare: I am employed in the County of Los Angeles, State of California. I am over the age of 18. My business address is 15243 La Cruz Dr., 67, Pacific Palisades, California 90272. I am readily familiar with the business practice of processing of documents for service for Mostafavi Law Group, APC. October 24, 2025, I served a true and correct copy of the foregoing document(s) described as:

**DEFENDANT AMIR MOSTAFAVI'S AMIR MOSTAFAVI'S REPLY IN SUPPORT OF MOTION TO DISMISS CASE**

On all the following interested parties as indicated below:

| | |
|---|---|
| Catharine M. Tolson, Esq., SBN 271223 GOODMAN, NEUMAN, HAMILTON 100 Bush Street, Suite 1800 San Francisco, CA 94104 T: 415/705-0400 ctolson@gnhllp.com Attorneys for plaintiff STATE NATIONAL INSURANCE COMPANY | Schilleci & Tortorici, p.c. Jason p. Tortorici; Anthony c. Kohrs 21225 pacific coast Hwy, suite C, Malibu, ca 90265 Telephone (424) 255-6009 | Facsimile (205)623-3700 Jpt@schillecitortoricilaw.com ack@themillenniallawyer.com Attorneys for defendant state national insurance company |

by causing service by the method indicated below:

  U.S. Mail – By placing a copy of said document(s) in a sealed envelope with postage thereon fully prepaid, and depositing said envelope with the U.S. Postal Service via U.S. First Class Mail, following this office's business practices.

  Overnight Delivery - By placing a copy of said document(s) in a sealed prepaid overnight envelope or package, and depositing said envelope or package today in a box or other facility regularly maintained by the express service carrier, following this office's business practices.

  Personal Service – By personally delivering said document(s) in an envelope or package clearly labeled to identify the attorney/party located at the office(s) of the addressee(s) stated above.

  Facsimile – By placing a true copy thereof into a facsimile machine to the fax number stated above, as agreed upon, in writing, by parties or attorneys of the record.

X  Electronic Service – By electronically sending a copy of said document(s) to the attorney or party as stated above and as agreed upon, in writing, by the parties, or their attorneys of the record.

I declare under the penalty of perjury under laws of the State of California that the foregoing is true and correct. Executed on October 24, 2025, at Los Angeles, California.

*Amir Mostafavi*

_____
Amir Mostafavi