UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-7863-SPG-SK | Date | November 14, 2025 |
| Title | State National Insurance Company v. Amir Mostafavi et al | | |

| | |
|---|---|
| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:     (IN CHAMBERS) ORDER DIRECTING SUPPLEMENTAL BRIEFING**

In the Motion to Dismiss filed by Defendant Amir Mostafavi ("Mostafavi"), Mostafavi requests that the Court "dismiss this action in deference" to litigation currently pending in California state court. (ECF No. 11 ("Motion") at 3). On November 16, 2023, Mostafavi filed suit in California state court against Defendant Shlomi Abittan; his business, Your Prime Contractor ("YPC"); and others associated with the business. *See* (ECF No. 1, Ex. A, ¶¶ 3-8); *see also* (ECF No. 11-1, Declaration of Amir Mostafavi ("Mostafavi Decl."), ¶ 3). In that action, Mostafavi alleges that, among other things, Abittan, YPC, and the associated individuals acted negligently in connection with a construction contract. *See* (ECF No. 1, Ex. A, ¶¶ 104-09). On July 28, 2025, Mostafavi named Plaintiff State National Insurance Company ("SNIC") as a defendant in a second suit in California state court. *See* (Mostafavi Decl. ¶ 5); *see also* (ECF No. 11-1 at 13).[1] In the action against SNIC, Mostafavi has requested a declaratory judgment that an insurance policy SNIC issued to Abittan, doing business as YPC, covers certain claims at issue in his initial state court lawsuit. *See* (*id.* at 132-34). On September 24, 2025, the state court consolidated Mostafavi's case against Abittan, YPC, and the other individuals associated with YPC with the case against SNIC. *See* (*id.* at 289).

In this action, SNIC seeks declaratory judgment that there is no coverage available under YPC's policy for the state court action. *See* (ECF No. 1 ¶ 17). The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Ninth Circuit has explained that "[t]wo issues are presented to the district court by this statutory pronouncement." *Am. States Ins. Co. v. Kearns*,

---

[1] The Mostafavi Declaration attaches several complaints as exhibits, each of which includes its own exhibits. As such, the Mostafavi Declaration includes multiple documents titled "Exhibit A," "Exhibit B," and so on. Therefore, the Court refers to the exhibits attached to the Mostafavi Declaration by page number.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-7863-SPG-SK | Date | November 14, 2025 |
| Title | State National Insurance Company v. Amir Mostafavi et al | | |

15 F.3d 142, 143 (9th Cir. 1994). "First, the court must inquire whether there is a case of actual controversy within its jurisdiction." *Id.* If so, "the court must decide whether to exercise that jurisdiction." *See id.* at 143-44; *see also id.* at 144 (finding that the language of the Declaratory Judgments Act "gives discretion to courts in deciding whether to entertain declaratory judgments").

The Court is satisfied that this case presents a justiciable controversy under Article III. *See Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273-74 (1941). However, an issue remains whether the Court, as a matter of discretion, should exercise jurisdiction. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) (district courts have discretion whether to dismiss a declaratory judgment action when "the questions in controversy between the parties to the federal suit . . . can better be settled in [a] proceeding pending in the state court"); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 279 (1995) (a court may stay a declaratory judgment action during the pendency of a parallel state court proceeding as a matter of discretion). Courts consider three factors in determining whether to exercise jurisdiction over a declaratory judgment action: (1) "avoiding 'needless determination of state law issues'"; (2) "discouraging 'forum shopping'"; and (3) "avoiding 'duplicative litigation'." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011). The parties have not adequately addressed in their briefing whether the Court should exercise its discretion to exercise jurisdiction or addressed the three factors set out above in making that determination.

Accordingly, within seven (7) days from the date of this Order, SNIC shall file a supplemental brief addressing whether the Court should, as a matter of discretion, exercise jurisdiction under *Brillhart* and *Wilton*. Within seven (7) days from the date of Plaintiff's supplemental brief, Mostafavi shall file a supplemental brief in response. The supplemental briefing shall not exceed 10 pages and must follow the formatting requirements set out in Section G(4) of the Court's Standing Order for Newly Assigned Civil Cases.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    pg