Brandt L. Wolkin, Esq., SBN 112220
Catharine M. Tolson, Esq., SBN 271223
GOODMAN, NEUMAN, HAMILTON, LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
T: 415/705-0400
bwolkin@gnhllp.com
ctolson@gnhllp.com

Attorneys for plaintiff
STATE NATIONAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| STATE NATIONAL INSURANCE COMPANY, a Texas corporation, | Case No. 2:25-cv-7863-SPG-SK |
|---|---|
| Plaintiff, | **STATE NATIONAL INSURANCE COMPANY'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO DISMISS CASE** |
| v. | |
| AMIR MOSTAFAVI, TRUSTEE OF THE NM FAMILY TRUST, DATED JULY 10, 2018; AND SHLOMI ABITTAN, INDIVIDUALLY AND DBA YOUR PRIME CONTRACTOR; and DOES 1-10, | Date: November 12, 2025<br>Time: 11.00 am |
| Defendants. | The Hon. Judge Sherilyn P. Garnett<br>Courtroom 5C, 5th Floor<br>First Street U.S. Courthouse |

TO THE COURT, ALL PARTIES HEREIN, AND THEIR COUNSEL OF RECORD:

State National Insurance Company ("SNIC") provides the following supplemental briefing following this Court's November 14, 2025 order concerning whether the Court should, as a matter of discretion, exercise jurisdiction under *Brillhart* and *Wilton*:

## I. INTRODUCTION

The plaintiff in this insurance coverage case, SNIC, filed a declaratory judgment action (the "Coverage Action") seeking a determination of its rights and obligations under a commercial general liability policy issued to its named

1

insured, Shlomi Abittan, individually and dba Your Prime Contractor, with respect to the construction-defect allegations asserted in the underlying action *Amir Mostafavi, Trustee of the NM Family Trust, Dated July 10, 2018 v. Your Prime Contractor, Inc. dba Prime Construction, et al.,* Superior Court of California, County of Los Angeles, Case Nos. 25SMCV03852 and 23SMCV05401 (the "Underlying Action"). SNIC opted to include Mostafavi in the Federal Action as a Defendant third party in interest, because Mostafavi is plaintiff in the Underlying Action and has indicated he intends to bring a direct action against SNIC to recover under the Policy if he is successful in obtaining a judgment against Abittan. Defendant Amir Mostafavi has moved to dismiss the Coverage Action, invoking the *Colorado River* abstention doctrine.

The Court has already concluded that the Coverage Action presents an actual controversy and now requests supplemental briefing on whether it should exercise its discretion under *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942), and *Wilton v. Seven Falls Co.,* 515 U.S. 277, 279 *(1995)*

As demonstrated below, none of the *Brillhart* factors weigh in favor of abstention. No valid or operative coverage claim exists in state court; SNIC did not engage in forum shopping; and this case is not duplicative of the underlying construction-defect proceedings. To the contrary, the federal forum is the procedurally stable forum capable of resolving the coverage dispute efficiently and conclusively.

## II. ARGUMENT

### A. None Of The *Brillhart* Factors Weigh In Favor Of Abstention

#### 1. Needless Determination of State Law Issues

The first *Brillhart* factor states that courts should avoid "needless decisions of state law." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) at 1225 (The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a

means of forum shopping; and it should avoid duplicative litigation).

This factor "relates to unsettled issues of law generally, not unsettled issues of fact in the specific action." *James River Ins. Co. v. W.A. Rose Construction, Inc.*, Case No. 18-cv-02030- SI, 2018 WL 3023408, at *3 (N.D. Cal. Jun. 18, 2018) (Illston, D.J.) (*citing Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d at 1226). A stay is warranted where "[t]he precise state law issues at stake in the present case are the subject of a parallel proceeding in state court." *Id.*

This Coverage Action and the Underlying Action involve different claims, different legal issues, and distinct forms of relief. This action presents issues involving California insurance law, but the state law at issue here is not being litigated in the Underlying Action, which concerns Abittan's negligence arising from a construction dispute. By contrast, this Coverage Action seeks only a declaration of SNIC's rights and obligations under the insurance policy it issued to Abittan, specifically, whether SNIC has a duty to defend or indemnify its insured. The coverage questions presented here are purely contractual and independent of the tort liability issues being litigated in state court. In other words, the state case addresses liability for alleged construction defects, while this case concerns the interpretation of an insurance contract.

While this action requires interpretation of the Policy, no coverage questions were timely raised in the Underlying Action, and the Court's determination here would be original rather than repetitive. *Am. Cas. Co. of Reading, Penn. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999) (first *Brillhart* factor weighed in favor of retaining jurisdiction where "state court case did not include the coverage issue, and because the coverage issue in the federal action was not contingent on any further state court proceedings"). The fact that insurance coverage is a matter of state law is not, itself, determinative. (Mot. At 13:15-16; 21-22.) Federal courts sitting in diversity

3

SUPPLEMENTAL BRIEF IN OPPOSITION TO          CASE NO. 2:25-CV-7863
MOTION TO DISMISS CASE

often decide matters under state law. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938) (federal courts sitting in diversity apply the law of the state in which they sit). Frequently, federal courts recognize that straightforward breach of contract cases do not implicate an important state interest that merit a state court resolution. The same is true here: determining whether SNIC owes coverage requires nothing beyond applying settled California insurance principles to the Policy, a task federal courts routinely undertake.

For example, in *Allstate Ins Co. v. Herron*, 634 F.3d 1101 (9th Cir. 2011), the Ninth Circuit affirmed the district court's maintenance of jurisdiction over Allstate's insurance coverage declaratory action because the "district court decided no issues of [state] law outside of that defining [the parties'] contractual relationship." *Id.* at 1108. There was thus "little concern that Allstate's declaratory judgment action entangled federal and state court systems or that the district court allowed Allstate unfairly to select a favorable or inconvenient forum for determining its rights under the contract." *Id*. So too here. Like in *Allstate*, this Court is asked only to define the parties' contractual relationship—a simple and straightforward question that is not novel and would not implicate any important state interest. *Cf. First Mercury Ins. Co. v. Great Divide Ins. Co.,* 203 F. Supp. 3d 1043, 1054 (N.D. Cal. 2016) (first *Brillhart* factor weighs against stay where declaratory judgment claim involves application of settled principles of state law and issues concerning insurance coverage are not particularly complex or novel) (Koh, D.J.) (internal citations omitted); *Hanover Ins. Co. v. Paul M. Zagaris, Inc.*, No. C 16-01099 WHA, 2016 WL 3443387, at *4 (N.D. Cal. June 23, 2016) (Alsup, D.J.) (coverage issues were matter of state law but "not particularly complex or novel"). Therefore, this factor does not weigh in favor of staying the action.

///

///

### 2. Forum Shopping

The second *Brillhart* factor also does not weigh in favor of a stay. In an insurance coverage case, this factor "usually is understood to favor discouraging an insurer from forum shopping, *i.e.,* filing a federal declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." *Starr Indemnity and Liability Insurance Company v. Camenzind Dredging, Inc.*, Case No. 19-CV-00694-LHK, 2019 WL 5102571, at *3 (N.D. Cal. Oct. 11, 2019) (Koh, D.J.) (*quoting Am. Cas. Co. of Reading, Penn. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999)). "The Ninth Circuit has 'also described this factor as relating to the defensive or reactive nature of a federal declaratory judgment suit.'" *Id* (*quoting Robsac*, 947 F.2d at 1371).

The record shows SNIC did not engage in forum shopping. SNIC filed this Coverage Action on August 21, 2025, before any valid state-court coverage claim existed. The only claims asserted against SNIC in state court consisted of a premature claim filed without a judgment, and an amended complaint filed after the deadline and without leave of court. Because no operative state-court coverage claim existed, SNIC was not attempting to avoid a state forum or obtain a tactical advantage. Rather, SNIC filed this action to obtain a proper judicial determination of coverage obligations under its policy.

While SNIC could have filed its declaratory action in state court, it was not required to. *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992) ("We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage."). *See also Maxum Indemnity Company v. Kaur*, 356 F. Supp. 3d 987, 996 (E.D. Cal. 2018) (defendants presented no reason to assume forum shopping or attempting to gain procedural advantage through insurer's choice of federal forum besides the fact

of having elected federal court when it could have filed suit in state court); *Advent, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 13-CV-00561, 2013 WL 3483742, at *5 (N.D. Cal. July 8, 2013) (Koh, D.J.) (giving the second *Brillhart* factor little weight because to "automatically close the door to federal court in order to avoid forum shopping in declaratory judgment actions, merely because state courts make declaratory relief available, would deplete the broad discretion district courts have in determining whether to retain jurisdiction under 28 U.S.C. § 2201(a)."); *Maxum*, 356 F. Supp. at 996 (quoting *R.R. St. & Co. Inc*, 656 F.3d at 982) ("The desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III and the Ninth Circuit is cautious about labeling as forum shopping a plaintiff's desire to bring previously unasserted claims in federal court.") (internal quotations omitted). Therefore, this factor does not weigh in favor staying the action.

### 3. Duplicative Litigation

The third *Brillhart* factor considers "the policy of avoidance of duplicative litigation." *Robsac*, 947 F.2d at 1373. "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Dizol*, 133 F.3d at 1225. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495.

As the Ninth Circuit has explained, the third *Brillhart* factor of avoiding duplication litigation would be thwarted where the federal declaratory action is "virtually the mirror image of the state suit" and "[a]ll of the issues presented by the declaratory judgment action could be resolved by the state court." That

6

is not the case here. As there is no state court action on this coverage dispute, it does not implicate *Brillhart*'s concern with "[g]ratuitous interference" with state law issues pending in state court lawsuits involving the same parties. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-83, (1995).

The Underlying Action concerns liability arising from a construction contract. Additionally, the only attempted coverage pleading against SNIC was procedurally improper. Because the issues in this case differ entirely from the liability issues in state court, this case is not "virtually the mirror image" of any state proceeding. *Robsac*, 947 F.2d at 1373. Therefore, this factor does not weigh in favor staying the action.

### 4. Additional Factors

None of the additional factors weigh in favor of staying this action. Additional factors that a district court may consider include "[w]hether the declaratory action will settle all aspects of the controversy;" "whether the declaratory action is being sought merely for the purposes of procedural fencing...; whether the use of a declaratory action will result in entanglement between the federal and state court systems" and, additionally, "the convenience of the parties, and the availability and relative convenience of other remedies." *Dizol*, 133 F.3d at 1225 n.5.

First, this Coverage Action will not resolve any aspect of the underlying construction-defect dispute between Mostafavi and Abittan. It will resolve only the insurance coverage questions, i.e., whether the SNIC policy applies to the claims asserted in the Underlying Action.

Second, a declaratory judgment will clarify legal relations, particularly with respect to whether the Policy covers the incidents alleged before final adjudication. SNIC is currently paying for and defending the Underlying Action and faces uncertainty over whether they have a burden to defend those actions and continue to pay fees. If it turns out there is no coverage under the

Policy, this legal relation will be clearly determined. That determination should not be delayed. We understand Defendant's economic incentive at delay, but that is not a legitimate basis for stalling. Rather, the law recognizes, sensibly, the benefit of an early decision on these issues.

Third, the coverage issues here are legally and factually distinct from the liability issues in state court. This federal Coverage Action concerns interpretation of policy language, not whether Abittan performed defective work or committed fraud. Because the issues do not overlap, there is no risk of *res judicata* or inconsistent fact-finding.

Fourth and finally, there is no risk of federal-state court entanglement. This claim is about the existence of coverage, or lack thereof, under the Policy, not who among the contractors were negligent. The issues in this claim and the Underlying Action are sufficiently distinct such that no competing factual or legal determinations are likely. Furthermore, as discussed above, this is a straightforward insurance coverage declaratory action that does not involve any unsettled issues of state law, and thus does not present any risk of entanglement between the federal and state courts.

Given that every *Brillhart* factor and all additional consideration weigh against dismissal, the Court should order that SNIC's claim for declaratory relief ought to continue in order to resolve the coverage question.

### B. *Wilton* Discretion Favors Retaining Jurisdiction

While *Brillhart* sets the primary abstention framework for declaratory judgment actions, *Wilton* reaffirms and expands that discretionary authority, emphasizing that federal courts have wide latitude to stay or dismiss declaratory relief actions when parallel state proceedings exist. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 279 (1995) (a court may stay a declaratory judgment action during the pendency of a parallel state court proceeding as a matter of discretion). "The district court has broad discretion to grant (or decline to

grant) declaratory judgment." *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). Likewise, "The district court may consider a variety of factors in considering whether to grant or deny declaratory relief, including the existence of a pending state court proceeding in which the issues might be fully litigated." *Rowan Cos. v. Griffin*, 876 F.2d 26, 29 (5th Cir. 1989).

      As already discussed, the threshold requirement of parallelism is plainly not met. The Underlying Action involves only construction defect negligence allegations against Abittan, while this federal action seeks a declaration of SNIC's coverage obligations under its Policy. The issues, remedies, and legal frameworks are entirely distinct. The Underlying Action is a construction dispute, and the Coverage Action is an independent insurance coverage action. One concerns tort liability and the other concerns contract interpretation. No coverage questions are being litigated in state court. Because the proceedings are neither factually nor legally parallel, abstention is unwarranted under any discretionary framework.

      "As it had in *Colorado River*, the Court articulated nonexclusive factors relevant to the existence of such exceptional circumstances, including the assumption by either court of jurisdiction over a *res*, the relative convenience of the fora, avoidance of piecemeal litigation, the order in which jurisdiction was obtained by the concurrent fora, whether and to what extent federal law provides the rules of decision on the merits, and the adequacy of state proceedings." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 285-286 (1995). "[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," *Will v. Calvert Fire Ins. Co.*, 437 U.S. 662, 57 L. Ed. 2d 504, 98 S. Ct. 2552 (1978), quoting *McClellan v. Carland*, 217 U.S. 268, 282, 54 L. Ed. 762, 30 S. Ct. 501 (1910).

      Here, Mostafavi has not identified, let alone substantiated, any exceptional circumstance or nonexclusive factor that would negate this Court's

9

SUPPLEMENTAL BRIEF IN OPPOSITION TO      CASE NO. 2:25-CV-7863
MOTION TO DISMISS CASE

discretion to hear this Coverage Action. To the contrary, this Court is the procedurally stable forum capable of resolving the coverage dispute efficiently and conclusively.

Given the absence of any of the *Colorado River* considerations and the ruling in *Wilton*, the Court should allow SNIC's declaratory relief claim to proceed in order to resolve the coverage question.

### III. CONCLUSION

In conclusion, SNIC respectfully requests that the Court exercise its discretion under *Brillhart* and *Wilton* and deny the Motion to Dismiss.

Respectfully submitted,

Dated: November 24, 2025     GOODMAN, NEUMAN, HAMILTON, LLP

By: */s/ Catharine M. Tolson*
Brandt L. Wolkin, Esq.
Catharine M. Tolson, Esq.

Counsel for Plaintiff
STATE NATIONAL INSURANCE COMPANY