UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-7863-SPG-SK | Date | January 13, 2026 |
| Title | State National Insurance Company v. Amir Mostafavi et al | | |

| | |
|---|---|
| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |
| P. Gomez<br>Deputy Clerk | Not Reported<br>Court Reporter / Recorder |
| Attorneys Present for Plaintiff:<br>Not Present | Attorneys Present for Defendants:<br>Not Present |

**Proceeding:** (IN CHAMBERS) ORDER GRANTING MOTION TO DISMISS [ECF NO. 11]

Before the Court is a Motion to Dismiss, (ECF No. 11 ("Motion")), filed by Defendant Amir Mostafavi ("Mostafavi"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the records in this case, the Court GRANTS the Motion.

**I.   Background**

On November 15, 2023, Mostafavi filed suit in California state court against Defendant Shlomi Abittan; his business, Your Prime Contractor ("YPC"); and others associated with the business. *See* (ECF No. 1, Ex. A, ¶¶ 3-8); *see also* (ECF No. 11-1, Declaration of Amir Mostafavi ("Mostafavi Decl."), ¶ 3). In that action (the "2023 Action"), Mostafavi alleged that, among other things, Abittan, YPC, and others acted negligently in connection with a construction contract. *See* (ECF No. 1, Ex. A, ¶¶ 104-09). On July 28, 2025, Mostafavi named Plaintiff State National Insurance Company ("SNIC") as a defendant in a second California state court action (the "2025 Action"). *See* (Mostafavi Decl. ¶ 5); *see also* (ECF No. 11-1 at 13).[1]

Initially, the 2025 Action sought to recover from SNIC under California Insurance Code § 11580(b)(2) based on the entry of default against Abittan in the 2023 Action. *See* (ECF No. 11-1 at 14 ¶¶ 3-4). On August 12, 2025, Mostafavi emailed SNIC's counsel about amending

---

[1] The Mostafavi Declaration attaches several complaints as exhibits, each of which includes its own exhibits. As such, the Mostafavi Declaration includes multiple documents entitled "Exhibit A," "Exhibit B," and so on. Therefore, the Court refers to the exhibits attached to the Mostafavi Declaration by page number.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-7863-SPG-SK | Date | January 13, 2026 |
| Title | State National Insurance Company v. Amir Mostafavi et al | | |

the complaint in the 2025 Action to "replace the 11580 claim with [a] decl[a]ratory relief claim for the issue of coverage." (*Id.* at 99).[2] Before he did so, on August 21, 2025, SNIC filed this action, seeking a declaration that there is no coverage available to Abittan in connection with the 2023 Action. *See* (ECF No. 1 ("Compl.") ¶ 17).

On September 21, 2025, Mostafavi filed a First Amended Complaint in the 2025 Action, requesting a declaratory judgment that the insurance policy SNIC issued to Abittan, doing business as YPC, covers Abittan's liability in the 2023 Action. *See* (ECF No. 11 at 132-34 ¶¶ 132-139). Although Mostafavi was not then entitled to amendment as of right, the state court has since allowed Mostafavi to proceed on his amended complaint. *See* Order, *NM Family Tr, Dated July 10, 2018 v. State Nat'l Ins. Co., Inc.*, 25SMCV03852 (Cal. Sup. Ct. Oct. 27, 2025).

On October 7, 2025, Mostafavi moved to dismiss this action under the *Colorado River* doctrine. *See* (Motion at 3). On October 22, 2025, SNIC opposed the Motion, arguing that, because the *Colorado River* doctrine only applies in "exceptional circumstances," the Court should deny the Motion. *See* (ECF No. 15 ("Opp.") at 5). Given the parties' analyses of the issues under *Colorado River*, on November 14, 2025, the Court directed the parties to submit supplemental briefing on whether, as a matter of discretion, the Court should exercise jurisdiction under the Supreme Court's decisions in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995), instead of applying the *Colorado River* doctrine. Both parties have now submitted supplemental briefing. *See* (ECF No. 20 ("Suppl. Opp"); ECF No. 21 ("Suppl. Reply")). Notwithstanding the parties' focus in the Motion and Opposition on the *Colorado River* doctrine, the Court looks to *Brillhart* and *Wilton* to determine whether to dismiss or stay this action.

**II.    Legal Standard**

---

[2] District courts generally may not consider extrinsic evidence on a motion to dismiss for failure to state a claim under Rule 12(b)(6), *see Warren v. Fox Fam. Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001), but may do so on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), *id.* at 1060-61. However, "the *Brillhart* doctrine 'does not fit neatly into any of the categories of motions enumerated in Rule 12(b).'" *Inari Med., Inc. v. McCaskey*, 733 F. Supp. 3d 998, 1002 (D. Or. 2024) (quoting 63 A.L.R. Fed. 2d 51 (2012)). *But see id.* at 1002-03 (collecting cases for the proposition that district courts within the Ninth Circuit tend to "treat[] *Brillhart* as a matter of subject matter jurisdiction under Rule 12(b)(1)"). As discussed below, the Court considers the email exchange between counsel as but another reason not to exercise jurisdiction over this action. However, even if the Court only considered the complaint and the state court filings, which are subject to judicial notice, *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), the Court would reach the same result.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-7863-SPG-SK | Date | January 13, 2026 |
| Title | State National Insurance Company v. Amir Mostafavi et al | | |

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Ninth Circuit has explained that "[t]wo issues are presented to the district court by this statutory pronouncement." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). "First, the court must inquire whether there is a case of actual controversy within its jurisdiction." *Id.* If so, "the court must decide whether to exercise that jurisdiction." *See id.* at 143-44; *see also id.* at 144 (finding that the language of the Declaratory Judgment Act "gives discretion to courts in deciding whether to entertain declaratory judgments").

"[D]istrict courts have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton*, 515 U.S. at 288. The Ninth Circuit has articulated three factors—which courts refer to as the *Brillhart* factors—to guide district courts' exercise of discretion: (1) "the district court should avoid needless determination of state law issues"; (2) "it should discourage litigants from filing declaratory actions as a means of forum shopping;" and (3) "it should avoid duplicative litigation." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). These factors are not exhaustive, and courts may consider a number of other factors, but they provide "the philosophic touchstone" for whether a federal district court should decline to exercise jurisdiction in light of a pending state court proceeding. *See id.*

### III.     Analysis

This case presents an actual case or controversy within this Court's jurisdiction. *See Kearns*, 15 F.3d at 143. SNIC seeks a declaratory judgment as to Abittan's insurance coverage in connection with the 2023 Action. *See* (Compl. ¶ 9). The Supreme Court's decision in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273-74 (1941) confirms that this issue presents a justiciable controversy. In that case, an insurer brought a declaratory judgment action to determine the scope of insurance coverage for a pending automobile collision case. *Id.* at 271-73. The Supreme Court found that, although the case had not resulted in judgment, the case presented "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality" to constitute a "controversy" under the Declaratory Judgment Act. *See id.* at 273; *see also Dizol*, 133 F.3d at 1223 n.2 ("[W]e have consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement.").

Notwithstanding, based on *Brillhart*, the Court declines as a matter of its discretion to exercise jurisdiction over this matter. First, resolution of this case would require needless determination of state law issues. *Dizol*, 133 F.3d at 1225. This case purely presents issues of state law, concerns insurance coverage for a legal proceeding in state court, and every party to this action is also a party to the state court proceedings. *See* (ECF No. 11-1 at 106 (First

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-7863-SPG-SK | Date | January 13, 2026 |
| Title | State National Insurance Company v. Amir Mostafavi et al | | |

Amended Complaint in the 2025 Action)); *see also Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1284-85 (9th Cir. 2021) ("[I]f the [state and federal] proceedings share the same factual predicates and the issues depend on state law, the state court is the more suitable forum for a petition to bring a related claim." (internal quotation marks omitted)).[3] The Court thus finds that the first *Brillhart* factor weighs in favor of declining to exercise jurisdiction.

Second, the Court's decision to refrain from declaring the rights of the litigants in this federal proceeding, given the parallel state court proceeding, serves to discourage forum shopping. "[F]ederal courts should generally decline to entertain reactive declaratory actions." *Dizol*, 133 F.3d at 1225. In *Continental Casualty Company v. Robsac Industries*, 947 F.2d 1367, 1372 (9th Cir. 1991), the Ninth Circuit explained that "[r]eactive litigation can occur in response to a claim an insurance carrier believes to be not subject to coverage even though the claimant has not yet filed his state court action." As an example, the court wrote that an "insurer may anticipate that its insured intends to file a non-removable state court action, and rush to file a federal action before the insured does so." *Id.* Here, it appears that SNIC filed this lawsuit as a reactive declaratory judgment action. Approximately a week before SNIC filed this suit, Mostafavi emailed SNIC about amending his complaint in the 2025 Action to request a declaratory judgment as to the scope of coverage. *See* (ECF No. 11-1 at 99). Based on this exchange, the Court concludes that this suit is a reactive declaratory judgment action and finds that the second *Brillhart* factor likewise weighs in favor of declining to exercise jurisdiction.[4]

Finally, hearing this case would result in duplicative litigation. In the 2025 Action, Mostafavi requested a declaratory judgment that SNIC must indemnify Abittan. *See* (ECF No. 11-1 at 133-34 ¶ 139). In this action, SNIC requests a declaratory judgment that there is no coverage available for Abittan. *See* (Compl. ¶ 9). As such, this action presents substantially the same issue that Mostafavi seeks to litigate in the 2025 Action. Hearing this action would

---

[3] Although SNIC argues that the state and federal proceedings "involve different claims, different legal issues, and distinct forms of relief," (Suppl. Opp. at 3), SNIC has not explained how Mostafavi's request for a declaratory judgment in the 2025 Action differs from SNIC's request for a declaratory judgment in this action. In any event, for the first factor, the Court need not determine that the federal and state actions present identical issues. *See Argonaut*, 17 F.4th at 1285.

[4] Without the email exchange between Mostafavi and SNIC, the Court would find that this factor favors neither party. *See Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir. 2002) (factor concerning forum shopping favors neither party where both parties seek declaratory judgment but federal plaintiff was first to file); *see also Wilton*, 515 U.S. at 279-80, 290 (district court acted within discretion in staying case even where federal action was filed almost two months before state action). Because the Court finds the other two *Brillhart* factors weigh in favor of dismissal, the Court would still dismiss this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-7863-SPG-SK | Date | January 13, 2026 |
| Title | State National Insurance Company v. Amir Mostafavi et al | | |

therefore waste judicial resources and lead to potentially conflicting decisions. *See Brillhart*, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."). As such, the Court finds that the third *Brillhart* factors likewise weighs in favor of dismissal and, under *Brillhart*, declines to exercise jurisdiction over this suit.

**IV.     Conclusion**

For the foregoing reasons, the Court GRANTS the Motion. Accordingly, the Complaint is DISMISSED without prejudice.

**IT IS SO ORDERED.**

                                                                                    _____ : _____

                                                    Initials of Preparer   pg