Brandt L. Wolkin, Esq., SBN 112220
Catharine M. Tolson, Esq., SBN 271223
GOODMAN, NEUMAN, HAMILTON, LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
T: 415/705-0400
bwolkin@gnhllp.com
ctolson@gnhllp.com

Attorneys for plaintiff
STATE NATIONAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMIR MOSTAFAVI, TRUSTEE OF THE NM FAMILY TRUST, DATED JULY 10, 2018; AND SHLOMI ABITTAN, INDIVIDUALLY AND DBA YOUR PRIME CONTRACTOR; and DOES 1-10,<br><br>Defendants. | Case No. 2:25-cv-7863-SPG-SK<br><br>**STATE NATIONAL INSURANCE COMPANY'S REQUEST FOR CLARIFICATION**<br><br>The Hon. Judge Sherilyn P. Garnett<br>Courtroom 5C, 5th Floor<br>First Street U.S. Courthouse |

**TO THE COURT, ALL PARTIES HEREIN, AND THEIR COUNSEL OF RECORD:**

STATE NATIONAL INSURANCE COMPANY ("SNIC") requests clarification from the Court concerning its Judgment of Dismissal (Dkt. 22) and its Civil Minutes (Dkt. 23) entered January 13, 2026, in the above matter, under Federal Rule of Civil Procedure 60(a). The Judgment dismissing the case failed to acknowledge SNIC's Stipulated Judgment with defendant SHLOMI ABITTAN, INDIVIDUALLY AND DBA YOUR PRIME CONTRACTOR ("Abittan") and the proposed Order thereon, filed with this

1

1  Court on October 20, 2025 as Docket Nos. 14 and 14-1.  As of the time of this

2  filing, no order has issued approving SNIC's Stipulated Judgment.

## I.   **INTRODUCTION**

4       The plaintiff in this insurance coverage case, SNIC, filed a declaratory

5  judgment action (the "Coverage Action") seeking a determination of its rights

6  and obligations under a commercial general liability policy issued to its named

7  insured, Shlomi Abittan, individually and dba Your Prime Contractor, with

8  respect to the construction-defect allegations asserted in the underlying action

9  *Amir Mostafavi, Trustee of the NM Family Trust, Dated July 10, 2018 v. Your*

10 *Prime Contractor, Inc. dba Prime Construction, et al.,* Superior Court of

11 California, County of Los Angeles, Case Nos. 25SMCV03852 and

12 23SMCV05401 (the "Underlying Action").

13      On October 7, 2025, Defendant Amir Mostafavi moved to dismiss the

14 Coverage Action (Dkt. No. 11), invoking the *Colorado River* abstention

15 doctrine.

16      SNIC and defendant Abittan reached an agreement to settle the

17 controversies between them and entered into a settlement agreement. On

18 October 20, 2025, SNIC filed a Stipulated Judgment for Declaratory Relief

19 ("Stipulated Judgment") as to defendant Abittan (Dkt. Nos. 14 and 14-1).  The

20 Stipulated Judgment memorialized SNIC and Abittan's agreement that:

21          *...Judgment shall be entered in favor of SNIC as to its first cause*

22          *of action for Declaratory Relief- Duty to Defend and its second*

23          *cause of action Declaratory Relief – Duty to Indemnify, as the*

24          *Parties agree that there is no coverage for the Underlying Action*

25          *under the SNIC Policy because the Policy at issue was cancelled*

26          *prior to commencement of work on the project at issue in the*

27          *Underlying Action, and therefore there could be no "property*

28          *damage" caused by an "occurrence" during the policy period,*

2

1     *and even if the Policy were in effect for any portion of the work*
2     *performed, SNIC insures only the individual and sole proprietor*
3     *Shlomi Abittan dba Your Prime Contractor. The construction*
4     *contract under which Mostafavi seeks to recover its damages was*
5     *entered into as between Mostafavi and Your Prime Contractor,*
6     *Inc., with work performed under Your Prime Contractor, Inc.'s*
7     *contractor's license number 1031676. Your Prime Contractor,*
8     *Inc. is not an insured under the SNIC Policy; and finally because*
9     *even if the Policy were in effect for any portion of the work, and*
10     *even if its insured did perform work on the project, the business*
11     *risk exclusions on the Policy operate to preclude coverage*
12     *because any potential property damage would be property*
13     *damage to "your work" which is specifically precluded under the*
14     *Policy.*

15     *IT IS FURTHER STIPULATED that the judgment shall become*
16     *final for all purposes upon entry of judgment, and SNIC and*
17     *Abittan waive any right to appeal or seek review of this judgment*
18     *by a higher court. The Parties further agree that each party will*
19     *bear their own fees and costs.*

20 Stipulated Judgment, Dkt. No. 14, at pp. 2:25-3:18.

21     The Court granted Mostafavi's Motion to Dismiss on January 13, 2026.
22 The Court issued its Judgment dismissing the case with prejudice on January
23 13, 2026, as Docket No. 22, and its Civil Minutes granting Mostafavi's Motion
24 to Dismiss as Docket No. 23.

25     The Court did not issue an Order approving the Stipulated Judgment for
26 Declaratory Relief as to Abittan prior to dismissing the case via the January 13,
27 2026 Judgment.

28 ///

REQUEST FOR CLARIFICATION              CASE NO. 2:25-CV-7863

## II.    FEDERAL RULE OF CIVIL PROCEDURE 60

Federal Rule of Civil Procedure 60 governs Relief from a Judgment or Order.  Federal Rule of Civil Procedure 60(a) states:

> *(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.*

The Court's inadvertent oversight in not issuing an order approving the Stipulated Judgment prior to issuing its Judgment dismissing the instant case with prejudice can be remedied through Rule 60(a).  No appeal has been docketed in this matter nor does the Stipulated Judgment affect the Court's granting of defendant Mostafavi's motion to dismiss.  As such, the Court is able to issue its order on the Stipulated Judgment without incumbrance.  Accordingly, SNIC respectfully requests this Court review and approve the Stipulated Judgment filed on October 20, 2026, and issue an order memorializing its approval.

## III.    CONCLUSION

SNIC respectfully requests that the Court exercise its discretion under Federal Rule of Civil Procedure 60(a) and correct the oversight of not considering and approving the Stipulated Judgment between SNIC and Abittan, filed in this matter as Docket Nos. 14 and 14-1.

///

///

///

REQUEST FOR CLARIFICATION                                    CASE NO. 2:25-CV-7863

Respectfully submitted,

Dated:    January 16, 2026          GOODMAN, NEUMAN, HAMILTON, LLP

*/s/ Catharine M. Tolson*

By: _____
Brandt L. Wolkin, Esq.
Catharine M. Tolson, Esq.

Counsel for Plaintiff
STATE NATIONAL INSURANCE COMPANY

REQUEST FOR CLARIFICATION                    CASE NO. 2:25-CV-7863