AMIR MOSTAFAVI, ESQ. (SBN: 282372)
**MOSTAFAVI LAW GROUP, APC**
15243 La Cruz Dr., #67
Pacific Palisades, California 90272
Telephone: (310) 849-2030
Facsimile: (310) 473-2222
amir@mostafavilaw.com
*Attorneys for Amir Mostafavi, Trustee of the NM Family Trust, Dated July 10, 2018*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMIR MOSTAFAVI, TRUSTEE OF THE NMFT FAMILY TRUST, Dated July 10, 2018; and SHLOMI ABITTAN, individually and dba Your Prime Contractor; and DOES 1-50,<br><br>Defendants. | CASE NO. 2:25-CV-07863 SPG (SKx)<br><br>*[Assigned to Judge Sherilyn Peace Garnett]*<br><br>**DEFENDANT AMIR MOSTAFAVI'S OPPOSITION TO PLAINTIFF'S REQUEST FOR CLARIFICATION**<br><br>*The Hon. Judge Sherilyn P. Garnett*<br>*Courtroom 5C, 5th Floor*<br>*First Street U.S. Courthouse* |

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Amir Mostafavi, Trustee of the NM Family Trust, Dated July 10, 2018 ("NMFT"), opposes Plaintiff State National Insurance Company's ("SNIC") Request for Clarification (Dkt. 24) and requests that this Court deny SNIC's attempt to obtain substantive relief disguised as correction of clerical error. This opposition is based on the following memorandum of points and authorities, the pleadings and records on file, and such further evidence and argument as may be presented.

DEFENDANT AMIR MOSTAFAVI'S OPPOSITION TO PLAINTIFF'S REQUEST FOR CLARIFICATION

## I.    INTRODUCTION

SNIC asks this Court to approve a stipulated judgment that it deliberately chose not to approve when dismissing this action. SNIC repackages its request as correcting "inadvertent oversight" under Rule 60(a), but the record tells a different story. This Court did not overlook anything. After reviewing extensive briefing - including NMFT's detailed objections to the stipulation - the Court exercised its discretion under *Brillhart* and *Wilton* to dismiss in favor of parallel state court proceedings. That decision necessarily rejected the federal declaratory relief SNIC now seeks.

SNIC's request fails on four independent grounds. The Court's dismissal was a deliberate judicial decision, not a clerical error. Approving a stipulated judgment while dismissing the action creates an irreconcilable contradiction. Rule 60(a) does not permit reconsideration of substantive rulings disguised as clerical corrections. And this Court lacks jurisdiction to grant merits-based relief in a closed case. SNIC's proper remedy is appeal, not this backdoor attempt at reconsideration of the Court's ruling as an inadvertent oversight.

## II.    STATEMENT OF FACTS

On October 20, 2025, SNIC and Abittan filed a stipulated judgment seeking this Court's declaration that SNIC owes no coverage under Policy No. NXTYHC6TE9-01-GL. (Dkt. 14, 14-1.) The stipulation would resolve SNIC's claims against its insured while leaving NMFT - a non-party to the insurance contract - as the sole remaining defendant.

NMFT objected four days later. The Reply devoted substantial argument to why this Court should reject the stipulation and dismiss the entire action. (Dkt. 16 at 2-5, 7-9.) NMFT argued that removing Abittan would eliminate the Article III controversy, that NMFT lacks standing to defend a third party's coverage rights, that the coverage dispute is premature under Insurance Code section 11580, and that the stipulation constitutes forum manipulation. These were not passing comments - they formed a central theme of NMFT's briefing.

The Court then ordered supplemental briefing on whether discretion favored exercising jurisdiction under *Brillhart* and *Wilton*. (Dkt. 19.) Both parties responded. (Dkt. 20, 21.) SNIC never requested expedited consideration of the stipulation, never suggested approval was necessary before ruling on the motion to dismiss, and never argued that failing to approve the stipulation would constitute error.

DEFENDANT AMIR MOSTAFAVI'S OPPOSITION TO PLAINTIFF'S REQUEST FOR CLARIFICATION

On January 13, 2026, this Court granted the Motion to Dismiss and entered judgment dismissing this action without prejudice. (Dkt. 22, 23.) The case closed that same day. Three days later, SNIC filed this motion claiming "inadvertent oversight." (Dkt. 24.)

### III.    LEGAL STANDARD

Rule 60(a) permits correction of "a clerical mistake or a mistake arising from oversight or omission" This narrow authority extends only to mechanical errors in recording decisions already made, not substantive reconsideration of judicial determinations. Courts may not under the guise of correcting a clerical error, reconsider the substance of a prior ruling.

The distinction is fundamental. Clerical errors are transcription mistakes - the record fails to reflect what the court actually decided. Judicial errors are decisions the court made after considering the parties' arguments, even if those decisions later appear mistaken. "The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." (*Blanton v. Anzalone* (9th Cir. 1987) 813 F.2d 1574, 1577, fn 2). Only the former qualifies for Rule 60(a) correction. Judicial decisions require reconsideration under Rule 59(e) or 60(b), or appeal.

### IV.    ARGUMENT

### A.  This Court Made a Deliberate Decision After Full Briefing

The record destroys SNIC's "inadvertence" theory. NMFT devoted pages of briefing to opposing the stipulation. The Reply explained why this Court should not approve it and should instead dismiss the entire action. (Dkt. 16 at 2-5, 7-9.) The arguments were direct: without Abittan, no Article III controversy exists; NMFT lacks standing to defend another party's coverage; California law requires a judgment before coverage disputes ripen; and the stipulation looks like forum manipulation. This Court then ordered supplemental briefing specifically addressing whether to exercise jurisdiction. (Dkt. 19.) Both parties filed detailed responses. (Dkt. 20, 21.)

After reviewing all this briefing, the Court dismissed under *Brillhart-Wilton*. That dismissal necessarily determined that federal declaratory relief - including relief through the

stipulated judgment - should not be granted. This was not inadvertence. The Court carefully considered whether to exercise jurisdiction and decided against it.

A court's decision not to rule on particular relief while deciding related issues reflects substantive judgment, not clerical oversight. Here, this Court made a judicial decision about appropriate relief. The decision not to approve the stipulation followed directly from the decision to dismiss. Courts routinely dispose of cases without separately addressing every pending motion. The disposition itself reflects the substantive determination about appropriate relief. NMFT objected to the stipulation in detail. The Court cannot have "inadvertently overlooked" an issue to which an entire section of briefing responded. The Court considered those arguments and, by dismissing, implicitly agreed that approving a federal declaratory judgment would be inappropriate.

**B. Approving the Stipulation Contradicts the Dismissal**

SNIC seeks a logical impossibility: a federal declaratory judgment in a case dismissed for lack of federal jurisdiction. This Court dismissed under *Brillhart-Wilton* because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." (*Brillhart*, 316 U.S. at 495.) The dismissal determined that federal declaratory relief would constitute "gratuitous interference with the orderly and comprehensive disposition of a state court litigation…" (*Ibid.*)

Approving the stipulation while dismissing the case creates the very interference *Brillhart* prohibits. The stipulation declares that SNIC owes no coverage because the policy cancelled before work started, because the contracting entity differs from the insured entity, and because business risk exclusions apply. (Dkt. 14 at 2:25-3:13.) These identical issues are pending in state court. The state court First Amended Complaint seeks declaratory relief on coverage under the same policy. (Dkt. 11-1 at 132-34.)

If this Court approves the stipulation, SNIC will argue res judicata or collateral estoppel in state court. The federal judgment will bar relitigation of coverage or at minimum preclude disputing SNIC's defenses. This defeats the purpose of abstention. The doctrine exists precisely to avoid federal interference with comprehensive state court resolution of state law disputes. Insurers could obtain federal declarations of no coverage through stipulations with cooperative insureds while avoiding federal judicial scrutiny. The abstention doctrine would become

3

meaningless.

Approving this stipulation would fragment the coverage dispute from the underlying liability litigation, create preclusive effects interfering with comprehensive state court resolution, and undermine the policies motivating this Court's dismissal.

### C. Rule 60(a) Is Not a Substitute for Appeal

SNIC disagrees with this Court's decision to dismiss without approving the stipulation. The proper remedy is appeal to the Ninth Circuit. SNIC has thirty days to file a notice of appeal. (Fed. R. App. P. 4(a)(1)(A).) Rule 60(a) provides no alternative avenue.

Allowing parties to characterize adverse rulings as "clerical errors" would eviscerate the procedural protections surrounding appeals and reconsideration. Rule 59(e) requires motions to alter or amend judgment. Rule 60(b) requires showing mistake, newly discovered evidence, fraud, or extraordinary circumstances. If parties could obtain reconsideration by claiming "inadvertent oversight," these carefully calibrated protections would collapse.

SNIC seeks substantive relief this Court declined to grant after full briefing. SNIC characterizes the decision as "inadvertent" and claims the Court "overlooked" the stipulation, but the record contradicts both claims. The Court had NMFT's detailed objections when it dismissed. The decision not to approve the stipulation was substantive discretion, not clerical transcription error. If SNIC believes that decision was wrong, appeal is the remedy.

### D. The Case Is Closed - This Court Lacks Jurisdiction for Substantive Relief

This case closed January 13, 2026, when judgment was entered. (Dkt. 22, 23.) While courts retain limited jurisdiction to correct clerical record errors under Rule 60(a), they cannot reconsider substantive determinations or grant merits-based relief deliberately withheld.

SNIC seeks substantive relief - approval of a declaratory judgment determining SNIC owes no coverage under the Policy. This requires the Court to exercise jurisdiction over the merits of the insurance coverage dispute - the very dispute this Court said should be resolved in state court. Approving the stipulation requires substantive determinations about policy interpretation, coverage obligations, and exclusion applicability. These are not clerical functions correctable under Rule 60(a). They are substantive exercises of federal declaratory judgment jurisdiction.

This Court no longer has such jurisdiction. By dismissing under *Brillhart-Wilton*, the Court determined it should not exercise jurisdiction over the coverage dispute. That

determination became final when judgment entered and the case closed. The Court cannot now exercise the jurisdiction it determined should not be exercised, particularly after case closure.

Once a case dismisses and closes, the district court lacks jurisdiction to grant substantive relief except through Rule 60(b)'s limited mechanisms for relief based on mistake, newly discovered evidence, fraud, or extraordinary circumstances. SNIC invokes neither Rule 60(b) nor any ground supporting it. No Rule 60(b)(1) "mistake" exists. No Rule 60(b)(2) "newly discovered evidence" exists. No Rule 60(b)(3) "fraud" or "misrepresentation" occurred. The judgment is not Rule 60(b)(4) "void." The judgment has not been Rule 60(b)(5) "satisfied." No Rule 60(b)(6) "extraordinary circumstances" exist.

SNIC's characterization as "clarification" cannot disguise that it seeks substantive merits-based relief unavailable after dismissal. The request is not for clarification of judgment meaning. The judgment is clear: the case is dismissed. SNIC seeks additional relief - a declaratory judgment - that the dismissal does not provide. This is not clarification. It is an impermissible attempt to obtain substantive relief in a closed case.

### E.  Approving the Stipulation Would Prejudice NMFT's State Court Rights

Approving the stipulation would substantially prejudice NMFT's state court rights. The state court First Amended Complaint includes a Fourteenth Cause of Action for declaratory relief against SNIC on coverage under the Policy, addressing whether negligent construction acts constitute covered occurrences, whether work commenced during the policy period, which entity is the named insured given conflicting Certificates of Insurance, and whether SNIC must indemnify NMFT if Abittan cannot satisfy a judgment. (Dkt. 11-1 at 132-34.) These are the same issues in the proposed stipulation.

If this Court approves the stipulation, SNIC will inevitably argue res judicata or collateral estoppel in state court. SNIC will contend the coverage issues have been finally determined and cannot be relitigated. NMFT will be forced to argue that a federal judgment entered after federal dismissal, over NMFT's objection, in a case where NMFT lacked standing to defend Abittan's coverage rights, should not preclude state court adjudication. This creates precisely the federal interference with state proceedings that *Brillhart-Wilton* prohibits.

NMFT would be prejudiced because NMFT had no opportunity to litigate coverage merits in federal court. NMFT was named only as a third-party stakeholder. NMFT moved to dismiss arguing this case should not proceed federally. NMFT specifically objected to the

stipulation. Approving the stipulation notwithstanding these objections would bind NMFT to (or at minimum affect NMFT with) a federal coverage determination that NMFT never had opportunity to litigate because NMFT's position throughout was that this Court should not adjudicate coverage at all.

NMFT's interests are directly affected by coverage determinations because NMFT seeks recovery from SNIC if Abittan cannot satisfy a judgment. California Insurance Code section 11580 provides that upon entry of final judgment against an insured, a judgment creditor may recover directly from the insurer if the insured cannot satisfy the judgment. NMFT's potential recovery rights under section 11580 depend on coverage existing under the Policy. A federal declaration of no coverage would substantially impair NMFT's statutory rights.

NMFT has consistently maintained that the proper forum for adjudicating coverage is state court where all parties are present, where underlying liability issues are being litigated, and where NMFT has full opportunity to participate in coverage determinations as part of comprehensive state proceedings. Approving a federal stipulated judgment over NMFT's objection, after dismissing the federal case, would deny NMFT meaningful participation in coverage adjudication while potentially binding NMFT through preclusion doctrines.

### F. SNIC's Silence During Briefing Confirms No Oversight Occurred

SNIC's conduct confirms this Court did not inadvertently overlook anything. If SNIC genuinely believed approval was important and the Court had overlooked it, SNIC would have raised the issue before dismissal. SNIC remained silent throughout briefing following NMFT's objections.

SNIC never mentioned the stipulation in its November 24, 2025 supplemental brief. (Dkt. 20.) SNIC never requested the Court approve the stipulation before ruling on the Motion to Dismiss. SNIC never argued approval was necessary or important. SNIC never moved for expedited consideration. SNIC never objected when briefing closed without the Court ruling on the stipulation. SNIC never contacted chambers about the stipulation's status. SNIC took no action to bring the stipulation to the Court's attention or suggest approval was needed.

This silence is dispositive. If SNIC believed the Court had inadvertently overlooked something important, SNIC would have said so during the six weeks between supplemental briefing and the dismissal order. Instead, SNIC waited until after the unfavorable dismissal, then claimed for the first time that the Court's failure to approve the stipulation constituted

"inadvertent oversight." This timing reveals that SNIC's Rule 60(a) request is not about correcting clerical error but about obtaining a second chance after an unfavorable ruling.

SNIC's failure to raise any concern during briefing demonstrates SNIC did not believe any oversight was occurring. SNIC's post-dismissal claim of oversight is litigation tactics, not good-faith effort to correct clerical error.

### V.    CONCLUSION

This Court made a deliberate, well-reasoned decision to dismiss this action in deference to parallel state court proceedings under the discretionary abstention doctrine for declaratory judgment actions after reviewing the supplemental briefs. That decision necessarily determined that federal declaratory relief - including relief through the stipulated judgment - should not be granted. The Court's decision was not clerical error or inadvertent oversight. It was substantive exercise of judicial discretion after full consideration of the parties' arguments, including NMFT's specific objections to the stipulation.

Approving the stipulation after dismissing creates logical contradiction, allows SNIC to obtain federal declaratory relief while avoiding federal judicial scrutiny, interferes with comprehensive state court proceedings, improperly prejudices NMFT's state court rights, and undermines *Brillhart-Wilton* abstention purposes. Rule 60(a) provides no authority for such relief. The rule permits correction of clerical mistakes in recording decisions, which none exists in this case, not reconsideration of substantive judicial determinations, which SNIC requests. If SNIC believes this Court erred in dismissing without approving the stipulation, the proper remedy is appeal to the Ninth Circuit. For these reasons, NMFT respectfully requests that this Court deny SNIC's Request for Clarification.

Dated: January 18, 2026            **MOSTAFAVI LAW GROUP, APC**

*Amir Mostafavi*

By:_____

AMIR MOSTAFAVI, Esq.
Attorney for Plaintiff, NM Family Trust

7

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, the undersigned, declare: I am employed in the County of Los Angeles, State of California. I am over the age of 18. My business address is 15243 La Cruz Dr., 67, Pacific Palisades, California 90272. I am readily familiar with the business practice of processing of documents for service for Mostafavi Law Group, APC. September 10, 2025, I served a true and correct copy of the foregoing document(s) described as:

## DEFENDANT AMIR MOSTAFAVI'S OPPOSITION TO PLAINTIFF'S REQUEST FOR CLARIFICATION

On all the following interested parties as indicated below:

| | |
|---|---|
| Catharine M. Tolson, Esq., SBN 271223 GOODMAN, NEUMAN, HAMILTON 100 Bush Street, Suite 1800 San Francisco, CA 94104 T: 415/705-0400 ctolson@gnhllp.com Attorneys for plaintiff STATE NATIONAL INSURANCE COMPANY | Schilleci & Tortorici, p.c. Jason p. Tortorici; Anthony c. Kohrs 21225 pacific coast Hwy, suite C, Malibu, ca 90265 Telephone (424) 255-6009 | Facsimile (205)623-3700 Jpt@schillecitortoricilaw.com ack@themilleniallawyer.com Attorneys for defendant state national insurance company |

by causing service by the method indicated below:

U.S. Mail – By placing a copy of said document(s) in a sealed envelope with postage thereon fully prepaid, and depositing said envelope with the U.S. Postal Service via U.S. First Class Mail, following this office's business practices.

Overnight Delivery - By placing a copy of said document(s) in a sealed prepaid overnight envelope or package, and depositing said envelope or package today in a box or other facility regularly maintained by the express service carrier, following this office's business practices.

Personal Service – By personally delivering said document(s) in an envelope or package clearly labeled to identify the attorney/party located at the office(s) of the addressee(s) stated above.

Facsimile – By placing a true copy thereof into a facsimile machine to the fax number stated above, as agreed upon, in writing, by parties or attorneys of the record.

X    Electronic Service – By electronically sending a copy of said document(s) to the attorney or party as stated above and as agreed upon, in writing, by the parties, or their attorneys of the record.

I declare under the penalty of perjury under laws of the State of California that the foregoing is true and correct. Executed on September 10, 2025, at Los Angeles, California.

*Amir Mostafavi*

_____

Amir Mostafavi

8